## STATE v. PIRKEY.

An information charging that accused bought, received, and took stolen property into his possession, etc., is not defective as charging two separate offenses, buying and receiving.

When a penal statute mentions several acts disjunctively, and provides that each shall constitute the same offense and be subject to the same punishment, an information may charge one or all of such acts conjunctively as constituting a single offense.

An information alleging a larceny of specified property by three specified persons, and that thereafter accused unlawfully, feloniously, well knowing that the property had been stolen, taken, and carried away, bought, received, and took the property into his possession, etc., charges a public offense.

Under Rev. Code Cr. Proc. § 535, providing that, if a court, to whom an application for a continuance on the ground of absent testimony is made, is satisfied as to the truth of the facts stated, and that the examination of the witness is necessary, he must order that a commission issue to take the testimony, and may direct that the trial be stayed long enough to execute and return the commission, or continue the case, the granting of an application is wholly discretionary with the trial court, and its action is reviewable only for abuse.

In a trial for receiving stolen property, the trial judge did not abuse his discretion in refusing a continuance asked by the accused on account of absent testimony, showing that witness was present when accused bought the property of a particular person, and that such person signed a bill of sale, where the state showed that other persons were present at the sale, and all of them, excepting one, made affidavits that accused's pretended witness was not there.

Under Rev. Pen. Code, § 618, making it an offense to buy or receive in any manner, "upon any consideration," property, knowing that it has been stolen, the gist of the offense is the buying or receiving with such knowledge, and an information is not bad for omitting to allege that the property was bought or received "upon any consideration"; that phrase being synonymous with "any motive" or "for any cause."

Consideration may mean either price or motive.

The state could show that one accused of receiving stolen property exchanged therefor property known by him to have been stolen, to show the inadequacy of the consideration paid by accused.

Evidence admitted without objection is not subject to motion to strike.

A motion to strike particular evidence is properly refused, where part of the evidence was properly admitted.

In a trial for receiving stolen property, a paper purporting to be a bill of sale for the property was properly excluded, where it was not shown to have been signed by the seller, and he testified that he did not know of, nor sign, the paper.

In a criminal case, it was proper to show by a committing magistrate what a witness testified to before him, where it was sought to discredit the witness' subsequent testimony.

In a criminal case it was for the jury to determine whether testimony was contradicted by the witness' testimony on a former hearing as testified to by the magistrate who received it.

While in arguing to the jury the prosecuting attorney cannot state as facts that which has not been proved, nor go beyond fair and reasonable criticism of the evidence, based upon a theory in the case supported by evidence, he should be allowed wide latitude to comment on the evidence as to accused's conduct, and to draw such inferences from the evidence as he may deem proper.

The conduct of counsel in a criminal case rests largely in the

sound discretion of the trial court, whose judgment thereon should only be reversed for manifest abuse.

Improper remarks of the trial court and the prosecuting attorney are not ground for reversal, where the evidence amply sustains the conviction, and it does not appear that the remarks necessarily influenced the jury.

In a trial for receiving stolen property, the identity of the thief is immaterial, though his name be specified in the information; the specification being unnecessary, and properly treated as surplusage.

A verdict convicting of receiving stolen property "as charged in the information" is not defective for failing to find the value of the property, where the information alleges the value to be $1,200, and the evidence on both sides shows the value to have greatly exceeded $20.

In a trial for receiving stolen property, an issue as to the value of the property need not be submitted, where the evidence on both sides shows the value to largely exceed $20; and, if the court does instruct on that point, the jury's failure to find the value would not be reversible error.

Haney, P. J., dissenting in part.

(Opinion filed, December 16, 1908.)

Appeal from Circuit Court, Lyman County. Hon. FRANK B. SMITH, Judge.

William Pirkey was convicted of buying and receiving stolen property, and he appeals. Affirmed.

*Preston & Hannett* and *N. R. Furlong,* for appellant. *S. W. Clark, Atty. Gen., C. D. Sterling, Asst. Atty. Gen.,* and *William Williamson, State's Atty.,* for respondent.

CORSON, J. Upon an information duly filed by the state's attorney of Lyman county the defendant was tried and convicted of the crime of buying and receiving stolen property knowing the same to have been stolen, and from the judgment he has appealed to this court.

The first error assigned is that the court erred in overruling defendant's demurrer to the information. To this information the following demurrer was interposed: "The defendant demurs to the information herein upon the ground: First, that more than one offense is charged, viz., buying stolen property knowing the same to have been stolen, receiving stolen property knowing the same to have been stolen; second, that the facts stated in said information do not constitute a public offense." It is alleged in the infor-

mation that the defendant, on the 19th day of January, 1907, in the county of Lyman, unlawfully, knowingly and feloniously did commit the crime of buying and receiving stolen property knowing the same to be stolen. The information then proceeds to allege the larceny of 17 head of horses by three persons named therein, and that thereafter the defendant unlawfully, feloniously, well knowing said horses to have been stolen, taken, and carried away as aforesaid, did buy, receive, and take into his possession said 17 head of horses, the property of one Herman Woeppel, all of the reasonable value of $1,200, said horses being then and there stolen property. The contention of the appellant that two offenses are charged in the information, namely, the buying and receiving of stolen property knowing the same to have been stolen is clearly untenable. The rule seems to be well settled that, when a penal statute mentions several acts disjunctively, and prescribes that each shall constitute the same offense and is subject to the same punishment, an information may charge any and all of such acts conjunctively as constituting a single offense. 22 Cyc. 380; State v. Donaldson, 12 S. D. 259, 81 N. W. 299; State v. Kerr, 3 N. D. 523, 58 N. W. 27. Mr. Bishop, in his work on Statutory Crimes, § 244, says: "If, as is common in legislation, a statute makes it punishable to do a particular thing specified, 'or' another thing, 'or' another, one commits the offense who does any one of the things, or any two, or more, or all of them. And the indictment may charge him with any one, or with any larger number, at the election of the pleader, employing, if the allegation is of more than one, the conjunction 'and' where 'or' occurs in the statute." The further contention of the appellant that the facts stated in the information do not constitute a public offense is clearly untenable for the reason hereinbefore stated.

It is contended by the appellant that the court erred in not postponing the trial to enable the defendant to procure the testimony of one Ash, who the defendant claims was a material witness in his behalf, and who was at the time out of the state. Section 535 of the Revised Code of Criminal Procedure provides: "If the court or judge to whom the application is made, is satisfied of the truth of the facts stated and that the examination of the witness

is necessary to the attainment of justice, an order must be made that a commission be issued to take his testimony, and the court or judge may insert in the order a direction that the trial be stayed for a specified time reasonably sufficient for the execution of the commission and return thereof, or the case may be continued." It will be observed that the granting or refusing of the application ih wholly a matter in the discretion of the trial court and no error can be assigned on its action unless there is a manifest abuse of such discretion. Live Stock Company v. Burris, 10 S. D. 430, 73 N. W. 919; Saastad v. Okeson, 16 S. D. 377, 92 N. W. 1072, 9 Cyc. 166; Underhill on Crim. Ev. 268-270. In our opinion the court committed no error, and did not abuse its discretion in denying said motion. The defendant claims that the said Ash was present at the time he purchased the horses in controversy of one Morgan, who had them in his possession, and that Morgan gave him a bill of sale, and that witness Ash would testify that Morgan signed the bill of sale. It was shown, however, on the part of the state that there were other persons present at the time of the sale of the horses by Morgan to the defendant, and it was further shown by the affidavits of all these persons except one that no such man as Ash was present at that time. The court was therefore fully justified under the evidence in denying the defendant's motion.

It is contended by the appellant that the information is insufficient for the reason that it is not alleged therein that the said property was purchased or received "upon any consideration," as one of the essential ingredients of the crime is that the property was bought or received "upon some consideration." In our view of the statute the essential ingredient of the crime is that a party has bought or received stolen property knowing it to have been stolen. That part of section 618 of the Revised Penal Code material for the purpose of this decision reads as follows: "Every person who buys or receives in any manner upon any consideration any personal property of any value whatsoever, except as hereinafter provided, that has been stolen from any other, knowing the same to have been stolen, * * *" is guilty of the offense. We are inclined to take the view that the words "upon any consideration"

are to be treated as synonymous with "any motive" or "for any cause." It will be observed that these words in the statute are preceded by the words "in any manner" showing the intention of the lawmaking power that every person who buys or receives in any manner, or upon any consideration, or, in effect, for any motive, property known to him to have been stolen shall be deemed guilty of the offense. "Consideration" is defined by Blackstone as "price or motive." 2 Blackstone Com. (Cooley) 444. This definition is quoted with approval in Latham v. Lawrence, 11 N. J. Law, 322, and 8 Cyc. 586. The omission, therefore, of any allegation as to the payment of a consideration does not, in our opinion, constitute a failure to allege all the essential ingredients constituting the offense, and does not render the information defective.

It is further contended by the defendant that the court erred in admitting in evidence the testimony of witnesses tending to establish the fact that two horses, exchanged by the defendant for the horses obtained from the witness Morgan, were stolen, and in not striking out all of the evidence received on that subject. On the trial evidence was introduced tending to prove that the defendant at the time he purchased the 17 horses of Morgan, giving therefor the two horses he then had and $100 in money, knew that the two horses that he transferred to Morgan were stolen at the time he transferred them to Morgan. This evidence seems to have been introduced and admitted for the purpose of showing the inadequacy of the consideration paid by the defendant, and for that purpose it was clearly competent. If the defendant knew the horses he gave in exchange as part consideration for the 17 horses purchased of Morgan were stolen property at the time he transferred them to Morgan, they could not have been of much value to the defendant, and it was competent therefore, for the state to show the fact that these horses were known by the defendant to have been stolen horses at the time he transferred them to Morgan. 10 Ency. of Ev. 671; Cohen v. State, 50 Ala. 108; People v. Hertz, 105 Cal. 660, 39 Pac. 32. The evidence sought to be stricken out by the defendant included his own admission to witness Foster, in effect, that he knew that one of them had been stolen, but thought that one of them was straight. Much of the evidence, however, sought

to be stricken out was admitted without objection, and was not subject, therefore, to a motion to strike out. Hence the court properly denied the motion, which included the evidence admitted without objection as well as evidence which was objected to; and, as the motion was to strike out all of this evidence the court, in any event, committed no error in denying the same.

It is further contended by the defendant that the court erred in excluding a paper purporting to be a bill of sale from Morgan to the defendant of the 17 horses alleged to have been received by the defendant, but the court was clearly right in excluding this paper. It was not proven by any person present to have been signed by Morgan, and Morgan testified that he had no knowledge of the paper, and never signed it.

On the trial one John Williams, a witness for the defendant, who had also been a witness for the defendant on the preliminary hearing before the justice, in his cross-examination before the trial court, was interrogated as to many of the answers given by him before the committing magistrate, and it was sought by the state to discredit and impeach him by showing contrary statements made by him on the preliminary examination. The committing magistrate was sworn as a witness to testify as to what was stated by Williams in his testimony before him on the preliminary examination for the purpose of impeaching him. It is contended by the defendant that the testimony of the committing magistrate did not tend to impeach the witness or show that he had made contrary statements as to any material fact but that was a matter, however, for the jury, and we think the court committed no error in permitting the state to prove by the magistrate the testimony as given before him by the witness Williams, and whether or not there was a conflict in the evidence was not for the court to determine, but for the jury. The contention that the testimony was irrelevant and immaterial is clearly untenable, as the question as to the value of the horses was, as we have seen, material for the purpose of showing the knowledge of the defendant as to their being stolen property.

It is contended by the defendant that the judgment should be reversed for the reason that the statement, made by the state's at-

torney in his argument to the jury, that Mr. Pirkey, when he wanted to get those horses, went down to a ranch (naming it), a noted rendezvous of horse thieves, and that he knew that Morgan and his associates had just come from a place (naming it) another notorious rendezvous of horse thieves, to which the defendant at the time objected, was such misconduct of counsel as entitled the defendant to a new trial. He also contends it was error for the court to remark when the objection was made to counsel's statement, "Oh, everybody knows what kind of places those are." It is claimed by the Attorney General that there was some evidence in the case from which the inference might properly be drawn that the places were rendezvouses for criminals, and the statements made do not therefore entitle the defendant to a reversal of the judgment. We are unable to agree with the Attorney General in this contention, and we think it doubtful from an examination of the evidence if there was sufficient to justify the remarks of the counsel or those of the court. But, assuming that under the evidence counsel for the state was not authorized to make the statement above referred to, and that the remarks of the court were not proper, and that the remarks of the counsel and the court would ordinarily constitute error, still we are of the opinion that it was not such prejudicial error as entitles the defendant to a reversal of the judgment in this case. While this court has held that presumptively error occurring on the trial is prejudicial, it has also held that, where it can see from the record that the defendant has not been prejudiced by the error, this court will refuse to reverse the judgment and grant a new trial. In the case of State v. Reddington, 7 S. D. 368, 64 N. W. 170, this court in its opinion said: "Injury is presumed from error, but the presumption is undermined and destroyed by the positive showing by the record itself that injury did not, and could not, result from such error. By 'injury' is meant 'effect upon the result.' This is the well-defined doctrine of the statute, which allows the defendant in error to except in the decision of the court upon a matter of law by which his substantial rights are prejudiced, and not otherwise (section 419, Rev. Code Cr. Proc.), and which requires this court on writ of error to give judgment without regard to technical errors or de-

fects or to exceptions which do not affect the substantial rights of
the parties (Id. section 500)." While counsel for the state in his
argument to the jury can not be permitted to state to them as facts
what has not been proven by the evidence in the case or go beyond
the bounds of fair and reasonable criticism of the evidence, based
upon a theory in the case that is supported by the testimony, yet
this rule is not intended to limit counsel in such manner as to in-
juriously affect his case on the merits. He should be allowed a
wide latitude of argument, and have the right to comment upon
the evidence as to the conduct of the defendant and to draw such
inferences from the evidence as he may deem proper. The con-
duct of counsel on the trial, however, must rest largely in the
sound discretion of the trial court, and the judgment should only
be reversed in cases of clear and manifest abuse of this discretion.
Thompson on Trials, §§ 963, 964; 12 Cyc. 573; People v. Barnes,
113 Mich. 213, 71 N. W. 504. No case has been called to our at-
tention in which there has been a reversal of the judgment for re-
marks of the state's attorney similar to the statement made by him
in the case at bar. Assuming, therefore, as claimed by the defend-
ant, that the remarks of the counsel for the state and by the court
were not authorized by the evidence as to the character of the places
referred to, it does not necessarily follow that the judgment should
be reversed and a new trial granted for the alleged errors. An
examination of the record in this case satisfies us there was ample
evidence to sustain the verdict of the jury, and that the remarks
of the counsel and court could not necessarily have influenced the
jury in arriving at their verdict, and that the error, therefore, is a
technical error that should be disregarded by this court.

It is further contended that the court erred in charging the
jury, of its own motion, "It does not matter who stole the prop-
erty." This instruction, however, was clearly correct. The ques-
tion for the jury to decide in this case, was whether or not the de-
fendant had purchased or received stolen property described in the
information knowing the same to have been stolen, and although
it was alleged in the information that certain parties named therein
had stolen the property, this allegation was not material and may
be properly treated as surplusage, and the fact that the state had

unnecessarily made this allegation did not impose upon it the duty of proving that the persons therein named had stolen the property. The learned author of the note to the case of State v. Sakowski, 191 Mo. 635, 90 S. W. 435, reported in 4 Am. & Eng. Ann. Cas. p. 751, states the rule as follows: "An allegation in an indictment need not be proved if it might have been omitted from the indictment without detriment to it and without affecting the charge against the accused." And the author cites a number of cases in support of the proposition, among which are Durham v. People, 5 Ill. 172; State v. Brown, 8 Humph. (Tenn.) 89; Smith v. State, 17 Tex. App. 191; Hall v. State, 120 Ga. 142; 47 S. E. 519; and Bryant v. Com. 68 S. W. 846. It seems to be well settled that an information for buying or receiving stolen property knowing it to have been stolen need not allege the names of the persons who committed the larceny, and it will be sufficient on the trial to prove that the property was stolen without proving who were the parties that committed the larceny. 22 Cyc. 369, 370; People v. Caswell, 21 Wend. 86; State v. Dan, 18 Nev. 345, 4 Pac. 336. The case of Com. v. King, 9 Cush. 284, which seems to be in conflict with the rule before stated, is clearly not so, as in that case there was a failure to prove that the property alleged to have been received as stolen property was in fact stolen. Of course under the information in this case it was necessary to prove that the property which the defendant is alleged to have bought or received had been in fact stolen by some one, although it was not material by whom.

It is further contended by the defendant that the verdict of the jury was insufficient, and the judgment should be reversed for the reason that it failed to find the value of the property alleged to have bought or received by the defendant, but in our opinion this contention is untenable. The allegation in the information is that the property was of the value of $1,200, and the jury found by its verdict that the defendant is guilty as charged in the information, and the value as proven on the trial, both by the witnesses for the state and for the defense, was greatly in excess of $20. Du Bois v. State, 50 Ala. 139; State v. Colwell, 43 Minn. 378, 45 N. W. 847; State v. White, 25 Wis. 359; Com. v. Butler, 144 Pa. St. 568, 24 Atl. 910. We do not wish to be understood, however,

as holding that in all cases where the court has instructed the jury to find the value of the property they may, instead of specifically finding the value of the same, return a general verdict and such verdict be sustained. In a case where the question as to the value of the property has been raised by the defense, and the jury should disregard the instruction of the court, it might be ground for reversal. But where, as in the case at bar, the evidence, not only on the part of the state but on the part of the defendant, shows the value of the property to be largely in excess of $20, the cour* would be justified in not submitting to the jury the question of value; and, if it does so instruct them, failure of the jury to make such a finding under the instruction of the court might constitute technical error, but would not be a ground for reversing the judgment.

We have not overlooked the other errors assigned, but in our opinion they do not merit a separate discussion, as the case seems to have been fairly submitted to the jury by the court, and the evidence was clearly sufficient, in our opinion, to warrant the jury in finding the defendant of the offense as charged in the information.

HANEY, P. J. (dissenting.) I concur in the foregoing conclusions, except those relating to the remarks of the state's attorney and court as to the reputation of the places mentioned by the former. In my opinion there is nothing in the record to overcome the presumption that such remarks were prejudicial to the accused. Because of such remarks, I think the judgment should be reversed.

The judgment of the court below and order denying a new trial are affirmed.