## EUBANKS *v.* STATE

No. 41978          December 4, 1961          135 So. 2d 183

*Laurel G. Weir,* Philadelphia, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant appeals from a conviction of possession of intoxicating liquor.

The sheriff, a deputy, and the jailor went to appellant's home armed with a search warrant. When they

entered the house appellant was in the bathroom breaking a gallon jug and some quart bottles of beer, the contents of which went down the drain. A search of the garage resulted in one of the officers finding a half pint of moonshine liquor.

■■ ■ Appellant assigns as error the admission of a statement attributed to the wife of appellant, allegedly made by her as the officers were entering the house. Deputy Sheriff Rainey testified that when they went to appellant's door, appellant's wife latched the screen and tried to shut the wood door, and that the sheriff pushed on in, and appellant's wife then screamed, "Break it." The sheriff went to the kitchen and the deputy to the bathroom where appellant was breaking a jug and bottles in the bathtub. The proof showed that there was a great deal of excitement from the time the officers arrived until all the bottles were broken. At one time there were four people, appellant, his wife, and two officers, in the bathroom struggling over possession of one of the bottles. Several sustained cuts from broken glass. The proof showed that appellant was in the house when his wife screamed, "Break it." The appellant admitted breaking the bottles of beer.

■■ ■ The wife was incompetent to testify against appellant, her husband. Section 1689, Mississippi Code of 1942. But the wife was not called to testify against the appellant and the statement of the wife was a part of the res gestae. Therefore, the statute rendering the wife incompetent to testify against her husband does not make inadmissible the testimony of the deputy sheriff of such declarations on the part of the wife. ■■■ The competency of the declarant is not an essential prerequisite to proof of his declarations as a part of the res gestae. ■■ ■ Declarations made by one spouse, incompetent to testify against the other, are admissible against the other when part of the res gestae. 20 Am. Jur., Evidence, Sec. 678, p. 574; Underhill's Criminal

Evidence, 5th Ed., Vol. 2, Par. 342, p. 874; Wharton's Criminal Evidence, 12th ed., Vol. 1, par. 283.

The case of Davis v. State, 157 Miss. 669, 128 So. 886, casts some doubt on whether the rule next above stated has been followed by this Court. The declaration of the husband in the Davis case was made after the transaction was completed, the appellant disarmed, and going away. It therefore appears that the statement in that case was not a part of the res gestae. We, therefore, hold that the statement made in the court's opinion to the effect that the testimony was incompetent even if a part of the res gestae, was dicta.

We have considered the other cases relied on by appellant, none of which control the present case.

We have carefully considered the several other points vigorously argued by appellant and find no reversible error.

Affirmed.

*McGehee, C. J.,* and *Kyle, McElroy* and *Jones, JJ.,* concur.