DAVIS et al., Respondents v. KRESSLY, Appellant

(122 N.W.2d 219)

(File No. 9986. Opinion filed June 11, 1963)

Rehearing denied July 29, 1963

**Homeyer & Robbins,** Selby, **Whiting, Lynn, Freiberg & Shultz,** Rapid City, for Defendant and Appellant.

**Newell E. Krause,** Lemmon, **Bangs, McCullen, Butler & Foye,** Rapid City, **H. F. Fellows,** Rapid City, for Plaintiffs and Respondents.

HANSON, P.J. This is an action to recover unpaid rent for a building under a ten-year lease. The jury returned a verdict in favor of plaintiffs in the amount fo $22,000 and the defendant Kressly appeals from the judgment rendered thereon.

Plaintiffs own a two-story building in Lemmon known as the Old Grand Theater designed for use as a theater on the ground floor, with apartments on the second floor. In November, 1951 this building was leased by plaintiffs, who were· then minors, by their guardian to defendant for a period of ten years commencing on the 1st day of November, 1951, at a rental of $250 per month payable on or before the 10th day of each month. The lessors agreed to construct a canopy at the front of said building and to make major repairs. The term of the lease extended beyond the minority of plaintiffs and was not authorized by any court order.

Prior to trial the court granted plaintiffs' motion to strike paragraph V of defendant's answer which alleged, in substance, that (1) the lease was invalid because it was made without court order and extended beyond the minority of minor lessors, and (2) the lease was void for lack of mutuality as it purported to bind the minor wards to construct a front canopy, to make major repairs,

and to give an option to purchase, none of which obligations or covenants could be enforced by defendant against the minor plaintiffs. Such defenses were properly stricken from the answer.

 As there is no statute regulating leases by a guardian of infant wards the common law governs such matters. In the absence of a controlling statute it is generally held that a guardian has authority to lease real estate of his ward on fair and reasonable terms without prior approval or sanction of a court. 25 Am.-Jur., Guardian and Ward, § 112, p. 72. A guardian, however, cannot similarly grant a valid lease for a term extending beyond the guardianship term. The rule is stated in 39 C.J.S. Guardian and Ward § 80(c), p. 125, as follows:

> "The guardian's power is limited to a lease for a term not extending beyond the period of his guardianship, unless, under statutory provisions, he may, by direction of the court, execute a lease to continue beyond the minority of his ward. Although it has been considered that a lease for a term longer than the ward's minority is void, or void as to the part of the term in excess of his minority, the more generally accepted view is that such a lease is voidable only."

See also 25 Am.Jur., Guardian and Ward, § 114, p. 73; Vol. 5 Banc.Prob.Prac.2d § 1371, and Vol. 3 Thompson on Real Property (1959 Replacement) § 1074, p. 278. Following the prevailing view the lease in this case was voidable subject to ratification or avoidance by the plaintiff minors. The right to avoid the contract was a privilege personal to the infant lessors alone and could not be asserted by the adult lessee. By bringing this action plaintiffs signified their ratification. The defense of lack of mutuality is on the same plane. It is an attempt to avoid the lease on the grounds of plaintiffs' infancy which defense is not available to defendant. It too is a personal privilege which only the infant parties themselves could assert.

Defendant paid the rent due under the lease up to July 1, 1954. Sometime thereafter he quit the premises, under circumstances which he contended amounted to a constructive eviction. Prior to his occupancy substantial repairs and renovations were

made by plaintiffs on the building. Among other things the hot water radiators were replaced on the ground floor but not in the apartments. Kressly testified this was a continuing source of trouble as the second floor did not heat properly; he could not keep tenants; and the apartment occupied by his family was untenantable in cold weather when the wind was blowing; and the condition became so bad the apartments were not habitable during winter months. The lease also provided that the lessors were to install a front canopy. This was never done although Kressly testified he made continuing demand for performance of this condition. According to Kressly the lease was terminated by him because of inability to heat the upstairs and because of plaintiffs' failure to install a front canopy. Plaintiffs, on the other hand, claim Kressly unjustifiably abandoned the premises in violation of the lease agreement and that he occupied the premises for 2½ years without complaint as to the heat and without requesting a canopy.

About the time Kressly left the premises his wife commenced an action for divorce. A temporary restraining order in the divorce action was served on him on July 22, 1954. So far as material it provided "That defendant be and is hereby enjoined and restrained during the pendency of this action from molesting plaintiff or occupying the apartment of the parties hereto; exclusive possession and use of said apartment is granted to plaintiff * * *." Defendant contends the trial court erred in admitting into evidence such order, marked Exhibit E, as it had no probative force and was prejudicial in the extreme.

 Ordinarily, a judgment in a prior action between other parties is not admissible in a subsequent action as proof of issuable facts. V Wigmore on Evidence (3rd Ed.), § 1671a, p. 687; McCormick on Evidence, § 295, p. 618. Likewise Exhibit E was not admissible as affirmative proof. However, defendant testified he lived on the premises until July 22, 1954 on which date he quit them because of their untenantable condition. The jury could reasonably infer he left under the compulsion of Exhibit E. As such, it was admissible on cross-examination as contradictory impeaching evidence. "When an evidentiary fact is offered for one purpose, and becomes admissible by satisfying all the rules appli-

cable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity and because the jury might improperly consider it in the latter capacity." I Wigmore on Evidence (3rd Ed.), § 13, p. 300. It was incumbent upon defendant to request the court to restrict the evidentiary use of Exhibit E to its allowable purpose. McCormick on Evidence, § 59, p. 136.

██ Defendant further contends the denial of his Motion for New Trial because of misconduct of plaintiffs' attorney in closing argument to the jury was prejudicially erroneous. In asserting this ground of error defendant, of necessity, relies upon affidavits prepared by his counsel wherein they set forth the alleged improper conduct of plaintiffs' attorneys, the grounds of objections thereto, and that request was made to have the reporter brought into the courtroom to make a record. All of which was either denied or contradicted by affidavits of plaintiffs' counsel. According to the trial court's memorandum opinion denying the motion for new trial Mr. Fellows' argument to the jury was "within the ambit of fair comment" and if a request was made to have the reporter present to make a record of the final argument such request was inaudible to the court. Under the circumstances, we are unable to find such argument was improper or prejudicial. This case does, however, illustrate the perennial problem faced by this court in reviewing alleged misconduct during final argument to the jury upon conflicting and contradictory affidavits of opposing counsel. The transcript seldom contains such record. To avoid this problem reporters could, and probably should, be required to attend all sessions of court and record all proceedings had in open court as a matter of course. The burden of providing such a record should not be cast on counsel.

Affirmed.

RENTTO and BIEGELMEIER, JJ., concur.

ROBERTS, J., and SMITH, C., dissent.

SMITH, C., sitting for HOMEYER, J., disqualified.