STATE, Respondent v. BURTTS, Appellant

(132 N.W.2d 209)

(File No. 10144. Opinion filed December 23, 1964)

**Roubideaux, Poches & Reade,** Fort Pierre, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **L. A. Weisensee,** Asst. Atty. Gen., **Robert D. Hofer,** Hughes County State's Atty., Pierre, for plaintiff and respondent.

HOMEYER, J. Defendant, Harold Burtts, appeals from a judgment of conviction for the crime of assault with a dangerous weapon. SDC 1960 Supp. 13.2404. Numerous errors are assigned

involving largely rulings on motions, admission and exclusion of evidence, and instructions to the jury. Such as merit discussion will be referred to after we state the material facts.

During the night of October 11, 1963, defendant and his wife were at a tavern in Pierre where he played with a small dance band. After completing his job they went to another bar for a drink and left when it closed at about 1 a. m. While driving to their home in Pierre a quarrel developed. Defendant said his wife slapped him several times and was going to grab the steering wheel and he slapped or struck her with the back of his hand causing her nose to bleed.

Defendant and his family lived in a basement apartment and the Wallace Quenzer family lived on the first floor of the same house. Mr. Quenzer testified that he was aroused from his sleep between 1:30 and 1:45 a. m. when Mrs. Burtts knocked at the door; that she was upset, crying and bleeding profusely— blood on her face and clothes; as he let her into the apartment she said "Call the police, Harold's hit me"; he telephoned the police and officers Eschen and Cruse arrived about ten minutes later.

Mrs. Burtts informed the police officers of the quarrel; that she feared for herself and the children; that she didn't want defendant to remain in the apartment that night. After first attempting to talk with the defendant and upon his refusal to discuss the matter, the officers advised Mrs. Burtts they had no authority to arrest defendant without a warrant, but that she could make a citizen's arrest if she so desired. She then went into the apartment, invited the officers to enter, placed her hand on defendant's shoulder, told him he was under arrest for hitting her, and turned him over to the officers. He was requested to go with the officers. When he refused, officer Eschen took hold of his left wrist. As he did this, defendant pulled a 30-30 Winchester rifle, loaded and cocked, from behind the door with his right hand and thrust it against the chest of Eschen who grasped the barrel. Officer Cruse then grabbed the right arm of defendant and took the weapon from him. Defendant was arrested by the police officers for assault with a dangerous weapon and

taken into custody. At the same time they seized the rifle and shells. The officers received the call to come to the Burtts home at 1:49 a. m. and defendant was booked into jail at 2:05 a. m.

■■ Prior to the trial date, defendant moved to suppress "any and all evidence specifically evidence of conversations, struggle, a rifle and subsequent conversations between defendant and arresting police officers which arose out of an incident after an unauthorized, illegal arrest of defendant and which evidence is the basis for the charge of Assault with a Deadly Weapon now pending before this court," and further to quash the information because defendant was illegally arrested and had the right to prevent his detention. It was not error to deny the motion.

The defendant was charged with the crime of assault with a dangerous weapon. A narrative of the events and circumstances preceding, concurrent, and immediately after the alleged criminal offense was relevant to defendant's guilt and evidence thereof was admissible. The motion of defendant presupposes an absolute defense to the alleged crime. Clearly this was not the ¬ase and the motion was properly denied.

The rifle was seized at the time of defendant's arrest for assault with a dangerous weapon upon officer Eschen, as an incident of such arrest, and as evidence of the crime charged. It does not require citation of authority that such seizure was proper and the motion to suppress the rifle as evidence was without merit.

Defendant cites John Bad Elk v. United States, 177 U.S. 529, 20 S.Ct. 729, 44 L.Ed. 874 and Burlington Transportation Co. v. Josephson, 8 Cir., 153 F.2d 372 as authority to support his motion. We have reviewed these cases and do not agree. In Bad Elk in a prosecution for murder the court did not include in the charge to the jury an instruction on the right to defend an illegal arrest and such was held error. In Burlington, which was a civil action for damages for false arrest and it was admitted before trial that the arresting officers acted without a warrant and thus illegally, it was held proper on motion to exclude evidence of events preceding the illegal arrest. Neither case directly nor inferentially parallels what occurred in the instant case.

The witness Quenzer repeated the statement of defendant's wife "Call the police, Harold's hit me", and after testifying to the fact that he called the police, upon their arrival that they "talked to Mrs. Burtts and asked whether she wanted them to go down and talk to Mr. Burtts" and some other conversation between him and Mrs. Burtts and between Mrs. Burtts and the officers. Objection was made that such evidence was hearsay. Also, officer Cruse in response to a question as to what transpired when they answered the call and arrived at the Quenzer apartment testified: "Mrs. Burtts said Mr. Burtts had hit her." Objection was made that such conversation was privileged and hearsay. The court properly overruled these objections.

We are of the opinion that the spontaneous statement of Mrs. Burtts to Quenzer and the evidence as to what transpired during the time between when the officers arrived and the defendant's arrest was a part of the res gestae and admissible. The rule regarding antecedent acts and statements is stated in 22A C.J.S. Criminal Law § 662(4), as follows:

> "While prior disconnected declarations and acts are not admissible as part of the res gestae, a declaration or fact which, although antecedent in point of time, is preliminary or immediately preparatory to the main fact may be received where it tends to illustrate or give character to the act in question. The res gestae embraces matters and statements immediately antecedent to, and having a causal connection with, the main transaction. The res gestae, as applied to a crime, includes the complete criminal transaction from its beginning or starting point in the act of accused until the end is reached. Continuing acts or a series of events, transpiring before the commission of the crime, and which lead up to and are necessary or helpful to an understanding of the main event, and tend to explain the conduct and purposes of the parties are admissible as part of the res gestae."

What in any case is a part of the res gestae of a crime depends upon the character and circumstances of the particular case.

We believe what occurred and was said between defendant's assault upon his wife, the calling of the police, and his subsequent arrest was so intimately connected in time and place with the crime charged that it constituted a part of the res gestae and was admissible. The determination of the preliminary facts and circumstances under which such evidence will be received rests largely within the discretion of the trial court. Hjermstad v. Petroleum Carriers, 74 S.D. 406, 53 N.W.2d 839. This evidence when a part of the res gestae was proper if it was related to and tended to prove the crime charged although it also proved or tended to prove the defendant guilty of another crime. State v. Staley, 54 S.D. 552, 223 N.W. 943.

 Mrs. Burtts was incompetent to testify against the defendant, her husband. SDC 1960 Supp. 36.0101(1). However, she was not called to testify and, as we have said, the statements of the wife were a part of the res gestae. Consequently, the statute rendering the wife incompetent to testify against her husband did not make inadmissible the testimony of either Quenzer or the police officers as to the declarations and statements of the wife. The competency of the declarant is not an essential prerequisite to proof of her declarations as a part of the res gestae. Declarations and statements made by one spouse against the other, are admissible against the other when part of the res gestae. 20 Am.Jur., Evidence, § 678; 22A C.J.S. Criminal Law § 662(7); Wharton's Criminal Evidence, 12th Ed., Vol. 1, § 283; Underhill's Criminal Evidence, 5th Ed., Vol. 2, § 342; State v. Murray, 67 Nev. 131, 215 P.2d 265, 216 P.2d 606; Eubanks v. State, 242 Miss. 372, 135 So.2d 183.

Defendant also raises as prejudicial error other rulings on evidence, but fails to present any cogent reasons to support his view. We have reviewed the record carefully and it appears to us there was no unfairness by the trial court in its rulings.

 Error is assigned because of alleged misconduct of counsel and denial of motion for mistrial. In closing argument the prosecuting attorney said "* * because you don't beat your wife * * *". This statement was taken from context and we do not have the benefit of the full argument. See

Davis v. Kressly, 80 S.D. 254, 122 N.W.2d 219. Nevertheless we believe the statement comes within the ambit of fair comment. The evidence and inferences were such as to permit the jury to find that defendant had struck or beaten his wife with some allowances for degree of severity of her injury resulting therefrom. Counsel are allowed considerable latitude in argument and have the right to comment upon matters supported by evidence. What is proper in a given case should be left largely to the discretion of the trial court and a judgment should be reversed for misconduct of counsel only when there has been a clear and manifest abuse of discretion. State v. Pirkey, 22 S.D. 550, 118 N.W. 1042, 18 Ann.Cas. 192; Id., 24 S.D. 533, 124 N.W. 713.

 Defendant complains of two instructions given by the court and the refusal to give six requested instructions. We find no error in giving the instructions to which exceptions were taken. When considered in their entirety they correctly state the applicable law on the matters involved. With reference to the requested instructions they either were not relevant to the issues or were included in the substance of other instructions given by the court. We have repeatedly held that it was not error to refuse to give requested instructions where the law is fairly covered by other instructions. State v. Magnuson, 48 S.D. 112, 202 N.W. 638; State v. Strauser, 75 S.D. 266, 63 N.W.2d 345.

 Finally the defendant contends the state's evidence was not sufficient to permit the jury to find him guilty of the charge against him. His argument is predicated largely on the assumption that there was (1) an illegal arrest, and if so, (2) a virtual unlimited right to resist the officers who attempted to take him into custody by whatever means he saw fit to use. He is in error in both assumptions. There was a dispute as to the facts surrounding the citizen's arrest attempted by defendant's wife. Under the evidence the jury could easily have found that she made a legal citizen's arrest. SDC 1960 Supp. 34.1601, 34.1608. However, even if the jury had concluded the arrest was illegal, under the instructions, they could have decided the defendant's use of the loaded and cocked rifle in attempting to resist his arrest was unreasonable and without justification. See John Bad Elk v. United

States, 177 U.S. 529, 20 S.Ct. 729, 44 L.Ed. 874; Alexander, The Law of Arrest, Vol. 1, § 98.

When we review the entire record we believe there was substantial evidence presented to the jury upon which it was entitled to legally find the defendant guilty of the crime of assault with a dangerous weapon. Credibility of witnesses and weighing the evidence was for the jury. The evidence of the state and the reasonable inferences therefrom under the circumstances was sufficient to justify the verdict. State v. Bates, 76 S.D. 23, 71 N.W.2d 641; State v. Nelson, 80 S.D. 574, 129 N.W.2d 54.

Affirmed.

All the Judges concur.

BIEGELMEIER, P. J., (concurring). Instruction 13 covered the validity of the arrest and under it the jury could find the arrest valid. The objection first made to it, after some change, was withdrawn and it became the law of the case. In my opinion, it is unnecessary to determine the important question of law stated in the last sentence of the paragraph which approves the verdict based on an illegal arrest. I concur in the opinion except for that pronouncement.