**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Stewart BRINGS PLENTY, Defendant and Appellant.**

**No. 12764.**

Supreme Court of South Dakota.

Submitted on Briefs Jan. 28, 1980.

Decided April 30, 1980.

Lori Wilbur, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, Curtis G. Wilson, Lennox, on brief.

Joseph Neiles, Rapid City, for defendant and appellant.

PER CURIAM.

Stewart Brings Plenty was sentenced to three years in the state penitentiary after a jury found him guilty of third-degree burglary. On appeal he questions the sufficiency of the evidence to support the verdict and the completeness of the court's circumstantial evidence jury instruction. We affirm.

At approximately six a. m., August 28, 1978, Joe Wolf saw two Indian males and one Indian female approach a car parked across the street from his business in Rapid City. He watched as the two men tried to open the vent window of the car. He saw the two men open the back door of the car and remove a vacuum cleaner. Because of the distance and the close proximity of the two men, Wolf could not identify which man opened the door and which removed the vacuum cleaner.

Officer Thomas Schreiner responded to Wolf's call to the Rapid City police. As he neared the parked car Officer Schreiner observed Zachery Pawnee Leggins sitting inside the car and defendant standing beside the car. When defendant saw Officer Schreiner he tapped Pawnee Leggins on the back and started walking away. Wolf

watched Officer Schreiner handcuff the two men and identified the men as those he had earlier seen breaking into the car.

The only direct evidence of defendant's entry into the car is from Officer Schreiner, who saw defendant tap his companion. The circumstantial evidence showing that defendant and Pawnee Leggins approached the car together and were near to each other as they broke into the car and removed the vacuum cleaner supports an inference of participation and of an intent to steal. *State v. Peck*, 82 S.D. 561, 150 N.W.2d 725 (1967). This circumstantial evidence can prove all elements of a crime, *State v. Shank*, 88 S.D. 645, 226 N.W.2d 384 (1975), and we conclude that it does sustain a rational theory of guilt. *State v. Dietz*, 264 N.W.2d 509 (S.D.1978).

Defendant's contention that the instruction on circumstantial evidence was incomplete is without merit. The challenged instruction is the alternate version of South Dakota Pattern Jury Instruction (Criminal) 1–16. The material differences between Pattern Jury Instruction 1–16 and its alternate were fairly covered by the other instructions that the court gave. The instructions considered in their entirety correctly stated the applicable law. *State v. Burtts*, 81 S.D. 150, 132 N.W.2d 209 (1964).

The judgment is affirmed.