## KENNETH JOHNSON *et al. v.* THE STATE.

### (*Jackson.*    April Term, 1923.)

1. **LARCENY.** Description of owner as a corporation sufficient without alleging that it exists by virtue of laws of a particular State.

   An indictment charging larceny and the receiving of stolen property of a corporation need not allege that the corporation was existing by virtue of the laws of a particular State, but is sufficient if it merely describes the owner as a corporation. (*Post, p.* 198.)

2. **LARCENY.** Parol evidence of existence of owner as a de facto corporation sufficient where indictment does not allege corporation to be existing under laws of a particular State.

   Where an indictment charging larceny describes the owner merely as a corporation, without alleging that it exists by virtue of the laws of a particular State, parol evidence of the existence of the owner as a *de facto* corporation is insufficient. (*Post, p.* 198.)

   Cases cited and approved: State v. Missio, 105 Tenn., 218; Bond v. State, 129 Tenn., 75.

3. **LARCENY.** Variance as to owner of stolen property fatal.

   In a prosecution for larceny, variance between indictment and proof as to name of owner of the stolen property is fatal. (*Post, p.* 199.)

4. **LARCENY.** Variance between indictment and proof as to state under which corporation owner of property was incorporated held fatal.

   Variance betwen indictment charging larceny of named corporation, alleged to be existing by virtue of the laws of named State, and proof that the named corporation was existing by virtue of the laws of other State *held* fatal, even though the averment as to the laws by virtue of which the corporation existed would have been unnecessary in the first instance. (*Post, pp.* 199-204.)

   Cases cited and approved: Turner v. State, 50 Tenn., 455; State v. Hughes, 31 Tenn., 261.

Johnson v. State.

Cases cited and distinguished: United States v. Howard, 3 Sumner,
14;  McGary v. People, 45 N. Y., 153;  Hite v. State, 17 Tenn., 357.

FROM CHESTER.

Error to the Circuit Court of Chester County.—Hon.
N. R. Barham, Judge.

Jno. W. Robertson, Galbraith & Mitchell, E. W.
Ross and J. H. Ballew, for plaintiffs in error.

W. H. Swiggart, Assistant Attorney-General, for the
State.

Mr. Justice McKinney delivered the opinion of the
Court.

This is an appeal by the plaintiffs in error from a judg-
ment rendered by the circuit court of Chester county, at
its October term, 1922, upon a conviction for larceny and
receiving stolen property.

The indictment charges the plaintiffs in error with
taking and stealing an automobile of the value of $1,500,
the property of "Morgan Hitchcock Company, a corpo-
ration existing and authorized by virtue of the laws of
Tennessee."

The second count of the indictment charges that the
said automobile, the property of the same corporation,
was unlawfully received and concealed by the plaintiffs
in error, with intent to deprive the owner thereof.

The proof on the trial of the case by the State shows

conclusively that the automobile in question was the property of Morgan Hitchcock Company, a corporation chartered and existing under the laws of the State of Indiana.

Among other assignments of error are the thirteenth and fourteenth, by which it is contended for the plaintiffs in error that the conviction is not sustained by the evidence on the ground that the indictment described the automobile stolen as the property of Morgan Hitchcock Company, a corporation existing and authorized by virtue of the laws of Tennessee, while the proof shows that the automobile was the property of a corporation of the same name chartered and existing under the laws of the State of Indiana.

The nineteenth assignment of error is that the trial judge erred in refusing to include in his charge the fourth special request tendered by the plaintiffs in error, to the effect that there could be no conviction because of the variance between the averments of the indictment and the proof as to the identity of the owner of the automobile, as set out in the thirteenth and fourteenth assignments of error.

It was wholly unnecessary that the indictment in this case should contain the averment that the corporation named as the owner of the automobile was existing by virtue of the laws of any State. It would have been sufficient if the indictment had simply described the owner as a corporation, and parol evidence of the existence of the Morgan Hitchcock Company as a *de facto* corporation would have satisfied such averment. *State* v. *Missio,* 105 Tenn., 218, 58 S. W., 216; *Bond* v. *State,* 129 Tenn., 75, 165 S. W., 229; Bishop, Crim. Pro. (2d Ed.), vol. 2, section 682; Id., vol. 3, section 752.

It is, of course, not open to argument that a material variance in the name of the owner of the stolen property, in an indictment for larceny, is fatal. In Wharton, Criminal Pleading and Practice (9th Ed.) section 116, the author says:

"A variance or an omission in the name of the person aggrieved is much more serious than a mistake in the name or addition of the defendant, as the latter can only be taken advantage of by the plea in abatement, while the former will be ground for arresting the judgment when the error appears in the record, or for acquittal, when a variance arises on the trial."

The question to be determined in this case however, is whether a variance exists between the averments of the indictment and the proof, and if a variance exists, such variance being concededly with reference to a matter of description, which was not a necessary matter of averment in the indictment, whether such a variance is fatal to the conviction.

The reasonable meaning of the averment that the corporation was one existing pursuant to the laws of the State of Tennessee is that the corporation had its existence or came into being pursuant to and by virtue of the laws of such State which could only mean that it was chartered by virtue of the laws of Tennessee.

The fact of the variance cannot therefore be denied.

Although the description of the corporation as one existing by virtue of the laws of Tennessee was unnecessary, the fact of the existence of the corporation as an entity capable of owning the property was an essential fact necessary to be averred in the indictment. The description of the corporation as one having its existence

by virtue of the laws of the State of Tennessee is therefore a description of the corporation, the existence of which was a necessary and essential fact to be proven in order to sustain the charge of larceny made in the indictment.

In order to successfully meet the contention of the plaintiffs in error that they are entitled to a new trial because of this variance, it would be necessary to show that the matter of description which was not proven as laid in the indictment can be regarded as surplusage and therefore disregarded.

What averments of an indictment may properly be disregarded and rejected as surplusage is the subject of a discussion by Wharton in his work on Criminal Evidence (10th Ed.), vol. 1, section 138, wherein he states the principle to be that all unnecessary words may be so rejected if the indictment would be good, without them, but this principle is qualified as follows:

"But where these immaterial averments are in any sense descriptive of the identity of what is essential then they cannot be so dispensed with."

In the same section, Mr. Wharton quotes from Justice STORY in *United States* v. *Howard,* 3 Sumner, 14 Fed. Cas., No. 15,403, as follows:

"But no allegation, whether it be necessary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment, can ever be rejected as surplusage."

This principle was expressly recognized by this court and applied in the case of *Turner* v. *State,* 3 Heisk., 455,

and no departure from the principle has been found in any reported case.

In *State* v. *Hughes,* 1 Swan, 261, a plea in abatement was interposed to an indictment, wherein the defendant averred that he was indicted under the name of William H. Hughes, whereas his true name was William B. Hughes. In considering the merits of such plea, this court recognized the rule to be that an indictment need not aver the middle name of the accused nor the initial of such middle name, but that, since the middle name may properly be a part of the name of a person, if it be stated in the indictment either in full or by the initial letter, it must be correctly stated.

In Bishop on Criminal Procedure (2d Ed.) vol. 11, section 485, the rule or principle is stated as follows:

"If a necessary allegation is made unnecessarily minute in description, it must satisfy the descriptive as well as main part, since one is essential to the identity of the other. Thus, a needless adjective, prefixed to an essential noun, being descriptive of what cannot be rejected, must be proved also; as, if the indictment is for malicious mischief to 'white oak' trees, or for larceny of a horse described by its sex or color or brand, these particulars of the things, wholly unnecessary to be stated, must be proved, or the variance will be fatal."

In the case of *McGary* v. *People,* 45 N. Y., 153, an indictment and conviction for arson, the property burned was described as belonging to "the Phœnix Mills Company, a corporation," etc. The proof established the name of the owner, as given in the charter, as "the Phœnix Mills of Seneca Falls." In holding that there was a fatal variance between the averment of the in-

dictment as to the name of the corporation and the proof of the name, the court of appeals of New York said:

"The name of the person whose property has been injured is matter of description, and must be proved as laid. Roscoe's Crim. Ev., 95, 388.

"No allegation which is descriptive of . . . that which is essential to the charge in the indictment can be rejected, and the name of the person in whom the property which is the subject of the charge is laid, or on whom the offense is stated to have been committed, must be proved according to the indictment. 2 Russ. on Crimes, 788, 789.

"The averment of ownership is connected with the charge and must be proved, and as a general rule the name of the party whose existence is essential to the charge must be proved in conformity to the indictment, and a misnomer is usually fatal."

The reason for the strictness of the principle stated in the foregoing authorities, requiring all such descriptive averments to be proven as laid, regardless of whether they might have been omitted from the indictment altogether, is to be found in the principles governing the proper disposition of a plea of former conviction or former acquittal.

In the case of *Hite* v. *State,* 9 Yerg., 357, Hite was charged with the larceny of a bank note of the Planters' Bank of Tennessee, described in the indictment as payable on demand at the Mechanics' & Traders' Bank, at New Orleans. To this indictment Hite pleaded a former acquittal, his plea setting up a former indictment on which he had been acquitted, said former indictment charging him with the larceny of a bank note described

in all things identical with that described in the instant case, except that in the former indictment the note was described as payable at the Merchants' & Traders' Bank of New Orleans, the difference being that in the one indictment the note was described as payable at the Mechanics' & Traders' Bank, whereas, in the other indictment, it was described as being payable at the Merchants' & Traders' Bank. The supreme court, speaking through Judge TURLEY, held that the two indictments did not charge the same offense, on account of the variance in the description of the bank note; and, having reached such conclusion, the court held that it was immaterial that the plea contained an averment that the two offenses were the same. The court said:

"You cannot aver an impossibility, and it is an impossibility that the stealing of a note payable at the Mechanics' and Traders' Bank, should be the same offense with that of stealing one payable at the Merchants' and Traders' Bank."

The principle of the holding was fully stated by the court in that case. After holding that all variances not inconsistent with the validity of both proceedings may be shown to be merely technical, the court said:

"But if the variances are in those things which are material, *autrefois acquit* cannot be pleaded in bar—either the first indictment was ineffectual, and therefore the acquittal of no avail, or the record will prove not applicable to the evidence, and therefore the objection is needless; as in the case now under consideration, if the note stolen was payable at the Mechanics' and Traders' Bank, as charged in the second bill of indictment, then the first was ineffectual and the acquit-

tal of no avail; if it were payable at the Merchants' and Traders' Bank, as charged in the first bill of indictment, then the second is not applicable to the evidence, and so the objection is needless. For these reasons, we are of opinion that this plea of *autrefois acquit* contains no ground of defense to the bill of indictment, and is not well pleaded.''

If the principle followed in the case of *Hite* v. *State, supra,* should be applied to a second prosecution of these plaintiffs in error for the stealing of the same automobile, the indictment in such second prosecution charging that the automobile was the property of the Morgan Hitchcock Company, an Indiana corporation, then it would be held that a plea of former conviction could not be sustained for the reason that it would be an impossibility that the stealing of the property of a Tennessee corporation was the same offense as the stealing of the property of an Indiana corporation, and that, although the plea averred the identity of the two corporations, it would be insufficient because ''you cannot aver an impossibility.''

For the reasons stated above, the case will be reversed and remanded, but the plaintiffs in error will be held in custody until a proper indictment can be found by the grand jury.