ELDON COBB and ALMONT HARGROVE, JR.

*v.*

STATE OF TENNESSEE.

*(Nashville,* December Term, 1956)

Opinion filed April 1, 1957.

THOMAS E. FOX, Assistant Attorney General, for the State.

W. R. FAIN, JR., and JAMES C. CUNNINGHAM, Clarksville, for defendants.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Plaintiffs in error, hereinafter referred to as defendants, were convicted for receiving and concealing stolen property and sentenced to not more than three years in the State penitentiary. They have appealed and assigned error.

■ The first two assignments of error attack the sufficiency of the evidence to support the verdict of the jury. We have examined the record and are of opinion that there is no merit in this attack. The evidence adduced by the State amply shows that these two men were guilty of receiving and concealing a safe belonging to one Glenn H. Durdin which had been stolen from his place of business, a cafe, at night time and that the value of the safe was approximately $150, not including the contents. The defendants did not offer any evidence in their behalf. It would serve no useful purpose to discuss the evidence. The first assignment and that part of the second assignment relating to the evidence are, therefore, overruled.

■ ▮▮▮▮ The second part of the second assignment and assignment No. 3 raise the question of variance between the indictment and the proof; and assignments No. 4 and No. 5 complaining of the refusal of the Court to charge certain special requests depend upon the result of assignments No. 2 and No. 3.

The variance claimed to be material is that while the indictment specified that the property was received from two named individuals, to wit: Bobby Edwards and W. S. Dinkins, there was no proof offered to sustain this part of the indictment.

Counsel relies upon the following statement from Wharton's Criminal Law, 12th ed., Vol. 2, sec. 1247, pp. 1557-1558, as follows:

"The indictment need not set forth the name of any person from whom the goods were received, nor, according to the preponderance of authority, that they were received from some person or persons unknown. When, however, the principal felon is named, a variance is fatal. * * *"

Counsel relies also upon our case of *Johnson v. State,* 148 Tenn. 196, 253 S.W. 963.

With reference to the quotation from Wharton's, supra, it is only necessary to say that author fails to observe that there is definitely a conflict of authority on the question in that he cites cases supporting only one side of the conflict. That this is so is amply reflected by the statement in 53 C.J., 524, sec. 54, and 76 C.J.S., Receiving Stolen Goods, sec. 16-b, p. 28, wherein it is said:

"In jurisdictions where it is necessary to allege the name of the thief or the person from whom the stolen

property was received, the name alleged must be proved as alleged and a variance between the allegations and proof is fatal. In jurisdictions where it is not necessary to allege the name of the thief or person from whom the property was received, it is also unnecessary to prove it; *but in such jurisdiction, if the name is alleged, the decisions are conflicting, it being held by some decisions that, although the name is unnecessarily alleged, it must be proved in order to avoid a variance, whereas other decisions hold that the statement of his name in the indictment or information may be treated as surplusage and that a failure to prove the name as stated is not a fatal variance.*"

In support of the first view that the name of the thief must be proved as alleged, Corpus Juris cites the same cases cited by Wharton, supra, among which is *Huggins v. People,* 135 Ill. 243, 25 N.E. 1002, which case asserts that the reason for such holding is that the allegation becomes a matter of description; this point, however, is in conflict also as will appear later herein.

In support of the view on the other hand, that such does not constitute a fatal variance, Corpus Juris cites *State v. Pirkey,* 22 S.D. 550, 118 N.W. 1042, and other cases. C.J.S., however, cites only the Huggins case in support of the view that it is a fatal variance and that seems to be the modern Illinois view. However, in support of the opposite view C.J.S. cites the Pirkey case, supra, and a later case from Kentucky, *Niece v. Commonwealth,* 307 Ky. 760, 212 S.W.2d 291. Interestingly enough this Kentucky case states, 212 S.W.2d at page 293,

"If named in the indictment, any variance is immaterial if the property is specifically described and identified."

A run-back of the authorities in Kentucky supporting such statement, however, discloses two things. (1) That a statute renders it unnecessary to prove the name of the thief alleged provided the property is sufficiently described otherwise to identify it, and (2) That the name, quantity and owner of said property is a sufficient description. See: *Commonwealth v. McGarvey,* 158 Ky. 570, 165 S.W. 973; *Newton v. Commonwealth,* 158 Ky. 4, 164 S.W. 108; *Shuttles v. Commonwealth,* 190 Ky. 176, 227 S.W. 154.

In 45 Am.Jur. 397, 398, sec. 14, the subject is treated briefly as follows:

"There is no necessity for such an allegation either to establish the elements of the offense or as identifying matter in jurisdictions where the offense is an independent, substantive one, and not merely accessorial. Since it is not material to the offense charged, such allegation, if made, may be properly treated as surplusage; * * *"

Note 12 refers to the Huggins case, supra, from Illinois, and the Indiana case of *Wertheimer v. State,* 201 Ind. 572, 169 N.E. 40, 68 A.L.R. 178. In neither one of these cases, however, does anything more than a bare statement appear without any supporting authority. On the other hand, *State v. Pirkey, supra,* in a well-reasoned opinion supports the rule that such failure to prove is not a material variance and the averment in the indictment may be disregarded as surplusage. It states, 118 N.W. at page 1046:

"The learned author of the note to the case of *State v. Sakowski,* 191 Mo. 635, 90 S.W. 435, reported in 4 Am.Eng.Ann.Cas., p. 751, states the rule as follows: 'An allegation in an indictment need not be proved if it might have been omitted from the indictment without detriment to it and without affecting the charge against the accused.' "

The author then cites a number of cases in support of the proposition among which is *State v. Brown,* 27 Tenn. 89.

*State v. Sakowski, supra,* is a well-reasoned opinion but in order that it may not be misunderstood it is necessary to note, 90 S.W. on page 437-438, that the statute under which the defendant was indicted for receiving stolen property was different from the Tennessee statute in that,

"the offense is purely a statutory one, and the General Assembly in defining it have not made it a constituent element of the crime that the receiver should receive the same with intent to deprive the owner thereof."

It was insisted in that case that the conviction could not stand because the evidence utterly failed to sustain the allegation in the indictment that the defendant received the property well knowing it "to have been stolen from the St. L. & San Francisco Railroad Company." The same insistence was made there as here where the indictment stated that the property was received from two named men. The opinion then quotes from Bishop on Criminal Procedure, the same matter that is quoted in *Johnson v. State, supra.* Also from Clark on Criminal Procedure, that,

" * * * whenever a person or thing necessary to be mentioned in the indictment is described with unnecessary particularity, all the circumstances of the descripiton must be proved, for they are essential to its identity."

Then quoting from 1 Chitty's Criminal Law, p. 173.

"But though the indictment must in all respects be certain, yet the introduction of averments, although superfluous and immaterial, will seldom prejudice it. For if the indictment can be supported without the words which are bad, they may, on arrest of judgment, be rejected as surplusage."

Further quoting from Chitty:

"It is a general rule which runs through the whole criminal law, that it is sufficient to prove so much of the indictment as shows the defendant has committed a substantive crime therein specified, and in the case of redundant allegations it is sufficient to prove part of what is alleged according to its legal effect, provided that which is alleged and not proven be neither essential to the charge, nor describe or limit that which is essential."

Again quoting from *Rex v. Jervis,* 6 C. and P. 156, it was said:

"That the offense created by the act of parliament was not the receiving stolen goods from any particular person, but receiving them knowing them to have been stolen,"

(the opinion adds,—"Such is the great weight of authority").

Then quoting from *People v. Caswell,* 21 Wend. N.Y., 86, in which the Court said:

"The receiving of stolen goods is in its own nature an offense, if they be known by the receiver to have been stolen, and, if directly alleged to have been stolen by A., it is difficult to conceive that the prisoner should be able to defend himself, even by proving that they were stolen by B., or by a failure of the evidence to show a thief in prticular so long as the accused knew that they were stolen. *It cannot, therefore, be an essential matter of description* that any one in particular committed the theft, and if one be named this may be passed over as a mere circumstance."

Finally, in the opinion in the Sakowski case, supra, it is stated that it is not essential to charge that the defendant knew the stolen property was the property of any particular person, but it is sufficient if he knew that the property was stolen from some person. This is in accordance with the statement in *State v. Missio,* 105 Tenn. 218, 223, 58 S.W. 216. It is, therefore, our conclusion from a reading of all the above authorities that the better view is expressed by those which hold that, since it is unnecessary for the indictment to name the thief from whom the property was received, the naming of same in the indictment and the failure to prove same does not constitute a material variance because it is not a part of the description of the property. The essential averments under our statute are stated in *State v. Missio,* 105 Tenn. 218, 223, 58 S.W. 216, 217, as follows:

"'it is not necessary to prove who stole the goods, nor the name of the party from whom taken; but it is necessary to prove the ownership, general or specific, of

some person, and the fact that they have been stolen from the true owner by some one; and have eventually been received by the defendant, knowing them to have been stolen, and with the intent on the part of the defendant to deprive the true owner thereof; and, when the ownership is laid in a certain person, it must be so proven.''

It seems obviously correct, as was said in *Johnson v. State, supra,* that the name of the owner of the stolen property, if alleged in the indictment even unnecessarily, becomes a part of the description, because the name of the owner becomes a very important part of the identification of the property either in a case of larceny or in a case of receiving stolen property, but as stated in the Sakowski case, supra, it is immaterial whether the property was received from A. or from B. so long as the receiver knew that the property was stolen from the owner, the gravamen of the crime under the statute being the fact that the receiver knew that he was receiving stolen property.

Therefore, without in any way detracting from the soundness of the opinion in *Johnson v. State, supra,* we are of opinion that the failure to prove the name of the thief from whom the property was alleged to have been received was not a part of the description and was, therefore, immaterial. We, therefore, overrule the balance of assignment No. 2 and assignments No. 3, No. 4, and No. 5.

Accordingly, we hold the special requests in this connection, were properly refused.

We think the charge requested as set out under assignment No. 6 was covered in the general charge and should be overruled.

The seventh and last assignment complains of the statement of the Attorney General in his argument to the effect that the defendants were in possession of the property at 2:00 A.M. because there was no evidence to show that Cobb was in possession of the property at 2:00 A.M. There is no merit in this, because the circumstantial evidence was sufficient to go to the jury and to support the Attorney General's statement.

The judgment below is affirmed.