KENNY DAUGHTERY, alias Kenneth Daughtery,
Plaintiff-in-Error,

*v.*

STATE OF TENNESSEE, Defendant-in-Error.

424 S.W.2d 414.

(*Knoxville,* September Term, 1967.)

Opinion filed January 5, 1968.

CARTER SCHOOLFIELD, Chattanooga, for plaintiff in error.

George F. McCanless, Attorney General, and George W. McHenry, Jr., Assistant Attorney General, Nashville, for defendant in error; and Edward E. Davis, District Attorney General, Chattanooga, prosecuted the case in the trial court.

Mr. Justice Creson delivered the opinion of the Court.

This is an appeal in error from the Criminal Court of Hamilton County, Tennessee. The parties will be referred to herein as they appeared in the lower court; that is, plaintiff in error Kenny Daughtery as defendant, and defendant in error as the State.

On March 7, 1966, the defendant was indicted on a three-count indictment charging him with (1) larceny, (2) receiving stolen property, and (3) the unlawful use of an automobile without the consent of the owner. The indictment alleged that the property in question, a 1964 Chevrolet automobile, was owned by Charles D. Burroughs.

The case came to trial on October 26, 1966. The jury found the defendant guilty of receiving and concealing stolen property of a value in excess of $1,000.00, and fixed punishment at not more than three years in the State Penitentiary.

The sole assignment of error challenges the trial court's action in overruling a part of defendant's motion for new trial which raises the point that there was a material variance between the allegations of the indictment and the State's proof at the trial.

It is the position of defendant that the property alleged in the indictment to be stolen was not the property of Charles D. Burroughs at the time it was unlawfully taken. The record reveals that the automobile was purchased by Mr. Burroughs' wife, prior to their marriage. It was registered in the name of the wife's sister because of Mrs. Burrough's minority. After the marriage, title was never transferred.

The record makes it clear that title was at all pertinent times registered in the name of Mrs. Burroughs' sister. It is, however, quite certain that the beneficial ownership of the vehicle was in Mrs. Burroughs prior to her marriage, and thereafter. No title ever rested in Mr. Burroughs, either before or at the time of perpetration of the offense.

This Court has held that the name of the owner of stolen property, if alleged in the indictment, even though unnecessarily, becomes part of the description. Any variance between that indictment and the State's proof as to this description constitutes a fatal defect. *Johnson v. State* (1923) 148 Tenn. 196, 253 S.W. 963; *Cobb v. State* (1957) 201 Tenn. 676, 301 S.W.2d 370. It

was reasoned in *Johnson* that the variance must be fatal to the conviction, else the defenses of autrefois acquit or autrefois convict would not be permissible defenses to subsequent prosecutions of the defendant for the same crime.

The State recognizes the aforementioned rule, but argues that it has no application in this case, since Mr. Burroughs had a "special ownership" in the car. This, for the reason that upon his marriage to Mrs. Burroughs he acquired a joint ownership in her personal property.

■ The State's argument overlooks the basic tenets embodied in the married women's emancipation statutes. While it is true that certain domestic property can be owned jointly by husband and wife, that is not the case here. We cannot accept the contention that any special ownership was extended to the husband upon their marriage. We are constrained to observe that, had the investigation of this offense included any inquiry whatever as to the ownership of the stolen vehicle, such could hardly have failed to disclose the true owner.

There is a fatal variance between the allegations of the indictment and the State's proof at the trial. Therefore, the case is reversed and remanded.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.