GENE DOUGLAS PARTON, alias Gene Douglas
Partain, Plaintiff in Error, v. STATE OF
TENNESSEE, Defendant in error.

458 S.W.2d 646.

Court of Criminal Appeals of Tennessee. March 26, 1970.

Certiorari Denied by Supreme Court Sept. 10, 1970.

B. Stewart Jenkins, Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Robert H. Feeney, John Jerry Foster, John R. Seymour, Asst. Dist. Attys. Gen., Chattanooga, for defendant in error.

## OPINION

WALKER, Presiding Judge.

In a four-count indictment, the defendant was charged with (1) grand larceny of a cigarette machine, the personal property of Janco Cigarette Service, Inc., a corporation; (2) of receiving the stolen machine from the same owner; (3) of concealing the stolen property from the same owner; and (4) with being an habitual criminal, he having been convicted of five previous felonies.

After his conviction under the first count for grand larceny with three years' imprisonment, the fourth count was submitted to the jury and it found him guilty and fixed his punishment at life imprisonment as required by T.C.A. § 40-2806. From his conviction and sentence to life imprisonment, he appeals to this court.

The defendant has assigned many errors, but we think that one determines this appeal. The proof conclusively shows that the property was not owned by a corporation but by an individual, James Strang. He did business under the name of Janco Cigarette Service, but it was not incorporated.

It is fundamental that in a prosecution for larceny one of the essential elements to be proved is the ownership of the property; and when ownership is claimed to be in a corporation the claim must be sup-

ported by the evidence. The accused is entitled to be informed of the exact accusation against him and to have the proof substantiate that accusation beyond a reasonable doubt. The State assumed the burden of establishing and proving ownership in a corporation as alleged. It failed to perform that duty and this failure requires a reversal of the case.

■ It is a cardinal principle of law that descriptive averments in an indictment must be proved as alleged.

In Daughtery v. State, 221 Tenn. 56, 424 S.W.2d 414 (1968), our Supreme Court said:

"This Court has held that the name of the owner of stolen property, if alleged in the indictment, even though unnecessarily, becomes part of the description. Any variance between that indictment and the State's proof as to this description constitutes a fatal defect. Johnson v. State (1923) 148 Tenn. 196, 253 S.W. 963; Cobb v. State (1957) 201 Tenn. 676, 301 S.W.2d 370. It was reasoned in *Johnson* that the variance must be fatal to the conviction, else the defenses of autrefois acquit or autrefois convict would not be permissible defenses to subsequent prosecutions of the defendant for the same crime."

In considering a material variance, our Supreme Court said, in Young et al. v. State, 185 Tenn. 596, 206 S.W. 2d 805:

"In Chapple v. State, 124 Tenn. 105, 135 S.W. 321, indictment averred ownership of the property stolen in an individual. There was some evidence that it was the property of the corporation in which the

individual in question was a stockholder. The trial judge declined to give a special request to the jury to the effect that if the property was in fact that of the corporation and not of the individual, they should acquit even though the individual might own stock in such corporation. This court reversed the judgment of the trial judge for failure to give the special request."

There was a fatal variance between the allegations of the indictment and the State's proof at the trial.

Under such circumstances, no necessity exists to discuss other aspects of the attack upon the indictment, as another trial could not be predicated upon the present indictment. Nevertheless, we have considered all of the assignments, both on the plea in abatement and on the trial of the case and find them without merit.

The case is reversed and remanded for a new trial.

We express our appreciation for the valuable services of B. Stewart Jenkins for his representation of this defendant by appointment.

DWYER and HYDER, JJ., concur.