**STATE of Tennessee, Petitioner,**

v.

**Carroll MORROW, Respondent.**

Supreme Court of Tennessee.

Nov. 10, 1975.

Tom Jennings, Asst. Atty. Gen., Nashville, for petitioner; R. A. Ashley, Jr., Atty. Gen., Nashville, of counsel.

James T. Bowman, Johnson City, for respondent.

## OPINION

HARBISON, Justice.

Respondent was convicted in the Criminal Court of Washington County, Tennessee for concealing stolen property of a value of more than one hundred dollars, in violation of T.C.A. § 39–4217. By a divided decision, the Court of Criminal Appeals reversed and remanded because of legal insufficiency of the indictment and the evidence. It found all of the other assignments of error to be without merit.

This court granted a petition for certiorari filed on behalf of the State to consider the issue on which reversal had been ordered. Subsequently counsel for respondent also filed assignments of error with this Court, repeating a number of his contentions made and overruled in the Court of Criminal Appeals. We have considered these assignments of error, and in our opinion they were properly dealt with by the Court below and do not require further discussion.

Insofar as the sufficiency of the evidence to convict is concerned, we agree with the following statement from the opinion of the Court of Appeals.

"There can be no question of Morrow's guilt, based upon his own testimony. He claimed that the stolen property was stored in his house by the thieves, that he demanded that it be moved, and he drove the car which carried it away. Most of the stolen property was dumped in a river, Morrow driving the car that carried it there."

In the indictment, respondent was charged with stealing a number of items of electronic equipment, such as projectors and record players and also a musical instrument, "the property of West View School, which had been, before that time, feloniously stolen, taken and carried away by someone to the Grand Jurors unknown . .."

The Court of Criminal Appeals reversed and remanded the case upon the ground that there was no evidence in the record as to the nature of the "West View School", showing whether it was incorporated, an unincorporated association, a public school or a private school.

The Court of Criminal Appeals found, and the record is indeed uncontradicted on the point, that there was no variance between the indictment and the evidence itself. All of the proof was that the property in question was taken from the West View School, that it had the name of the school stenciled on it, and the principal of the school even testified as to the purchase price of the equipment and as to the rooms in the school building where it had been kept prior to being stolen.

As pointed out in the dissenting opinion in the Court of Criminal Appeals, no question was made in the trial court as to the sufficiency of the indictment, or as to the capacity of the alleged owner of the property to own and control the same. None of the witnesses was asked by counsel either for the State or for respondent as to whether the school was or was not a county school, but in his motion for a new trial, respondent in effect conceded that the school was part of the Washington County public school system. Two assignments in the motion for a new trial allege error on the part of the trial court with respect to sections of Title 49, Chapter 8, Tennessee Code Annotated, dealing with custody of school property. Specifically, the eleventh and twelfth grounds of the motion for a new trial are as follows:

"11. There is a fatal variance in the indictment wherein the property is described as being property of Westview School, whereas Tennessee Code Annotated 49–813 provides that 'custody of all county school property shall be with the county board of education.'

"12. The Court erred in failing to instruct the jury as to law (TCA 49–813) pertaining to custody of school property."

Inasmuch as there was absolutely no challenge to the capacity of the school to own and control the property in the present case, and inasmuch as the motion for a new trial concedes that the property was that of a county school, we are unable to agree with the Court of Criminal Appeals in its reversal and remand of this case.

T.C.A. § 5–103 provides:

"Every county is a corporation, and the justices in the county court assembled are the representatives of the county, and authorized to act for it."

T.C.A. § 49–813, in pertinent part, provides:

"The custody of all county school property shall be with the county board of education. Said board may designate the principal teacher of the local school, during the school term, or the truancy officer, to look after the protection and preservation of school grounds, houses, and equipment . . .."

There is no question in the present case but that the school principal of West View School had the property in her care, custody and control. As previously stated, she described the purchase price of the equipment, where it was stored, and described the stencils bearing the school name which had been

placed on each item, gave records of the serial numbers and complete description of the property involved.

There simply could be no question in this case but that the accused was fully aware of the property which he was charged with concealing, and that he would be amply protected under the indictment and evidence introduced here from any further prosecution involving the concealment of the items in question.

We recognize, as pointed out by the Court of Criminal Appeals, that there may not be complete clarity regarding some of the prior decisions of this Court on the subject of the requisite proof concerning ownership of property involved in various criminal offenses, such as larceny, burglary, or receiving and concealing stolen property.

The statute in question refers to "goods over the value of one hundred dollars ($100), feloniously taken or stolen from another, or goods obtained by robbery or burglary . . .." The statute requires knowledge on the part of the accused that the property had been so obtained and that he act "with the intent to deprive the true owner thereof . . .."

█ It has previously been held in this state that it is not necessary in an indictment for receiving or concealing stolen property that the grand jury name or describe the thief, so that the fact that the grand jurors in the present case reported that the name of the person committing the theft was unknown to them did not render the indictment insufficient. *Cobb v. State*, 201 Tenn. 676, 301 S.W.2d 370 (1957).

It has been held also that it is not necessary to include the name of the owner of the stolen property in the indictment, but that if the name is included, it becomes a part of the description of the property so that the proof must conform to the indictment. *Daughtery v. State*, 221 Tenn. 56, 424 S.W.2d 414 (1968). In the latter case defendant was charged with larceny, receiving stolen property and unlawful use of an automobile, which was described as be-

ing the property of Charles D. Burroughs. The evidence, however, showed that title to the automobile was in another, and this Court reversed and remanded because of the variance.

In *Johnson v. State*, 148 Tenn. 196, 253 S.W. 963 (1923), the reason for such strictness was discussed in some detail. The Court pointed out that in order for the accused to have protection from further prosecution under a plea of former acquittal, strict conformity between the evidence and the indictment was required. In that case the accused was charged with theft of an automobile belonging to a named corporation which was stated in the indictment to be incorporated under the laws of Tennessee. The evidence showed that the corporation actually was chartered under the laws of Indiana, and this was held to be a fatal variance.

In the course of the opinion the Court said:

"It was wholly unnecessary that the indictment in this case should contain the averment that the corporation named as the owner of the automobile was existing by virtue of the laws of any State. It would have been sufficient if the indictment had simply described the owner as a corporation, and parol evidence of the existence of the Morgan Hitchcock Company as a *de facto* corporation should have satisfied such averment." 148 Tenn. at 198, 253 S.W. at 963.

Further the Court said:

"Although the description of the corporation as one existing by virtue of the laws of Tennessee was unnecessary, the fact of the existence of the corporation as an entity capable of owning the property was an essential fact necessary to be averred in the indictment. The description of the corporation as one having its existence by virtue of the laws of the State of Tennessee is therefore a description of the corporation, the existence of which was a necessary and essential fact

to be proven in order to sustain the charge of larceny made in the indictment." 148 Tenn. at 199–200, 253 S.W. at 964.

One of the leading cases on the subject in this jurisdiction is *State v. Missio*, 105 Tenn. 218, 58 S.W. 216 (1900). In that case the accused was charged with receiving stolen property belonging to a railway company. In considering the sufficiency of an indictment and of proof of this offense under the statute as it then existed, the Court said:

"It is not necessary to prove who stole the goods, nor the name of the party from whom taken; but it is necessary to prove the ownership, general or special, of some person, and the fact that they have been stolen from the true owner by some one, and have eventually been received by the defendant, knowing them to have been stolen, and with the intent on the part of the defendant to deprive the true owner thereof; and, when the ownership is laid in a certain person, it must be so proven." 105 Tenn. at 223, 58 S.W. at 217.

The Court held, however, that it was not necessary in order to establish corporate existence to introduce a copy of the charter of the corporation, or prove its charter provisions as to capacity to own property either generally or specially. In that case the railway company was proved to be a common carrier, and the Court said:

"There can be no question, under this record, but that the goods were feloniously taken from the custody and temporary ownership of this company while in transit, and that they were in possession and ownership of them as a public carrier at the time they were stolen. We think this is sufficient evidence of corporate character and ownership, and it would be a rule too strict to require that, in this collateral, though essential, matter of ownership, the state must prove the corporate existence and character of the railway company by a copy of its charter, and that its charter was regular, and that it had complied with the law in regard to foreign corporations in order to do business or own property in the state; and such strictness would often defeat the ends of justice." 105 Tenn. at 224, 58 S.W. at 217.

In the case of *O'Brien v. State*, 205 Tenn. 405, 326 S.W.2d 759 (1959), an indictment charged the defendant with receiving and concealing stolen property belonging to a Mr. Craig. The evidence indicated, however, that some of the property was bought by a corporation and was held in the name of that company. Responding to a charge of a fatal variance the Court said:

"The proof though shows that Mr. Craig had bought all the stock in the corporation and was the sole owner. The variance of whether it was bought by Mr. Craig individually or bought by the corporation does not make any difference." 205 Tenn. at 422, 326 S.W.2d at 766.

At one point in the opinion the variance was referred to as being "immaterial"; further, the trial judge had instructed the jury that if the property did belong to the corporation instead of to Mr. Craig, they should acquit.

See also *Chapple v. State*, 124 Tenn. 105, 135 S.W. 321 (1910); *Parton v. State*, 3 Tenn.Cr.App. 191, 458 S.W.2d 646 (1970).

The sufficiency of indictments and the reasons for requiring allegations and proof of ownership of stolen property are found in Annots., 88 A.L.R. 485 (1934), 99 A.L.R.2d 813 (1965). There a number of cases from other states are collected, and it is apparent that a number of jurisdictions have relaxed the requirement that a right to own property be demonstrated when the name of the owner imports an association, corporation or entity. Thus in the case of *Gibson v. State*, 13 Ga.App. 67, 78 S.E. 829 (1913), an indictment was found to be sufficient when the owner of the property was alleged to be the "Morning Star Colored Baptist Church", and this name itself was held to imply the right to possess property suitable for church purposes. The name

"Newton County Farm Bureau" was held to be sufficient to imply the capacity to possess property, even though it was unclear whether the owner was a corporation or association. *Davis v. State*, 196 Ind. 213, 147 N.E. 766 (1925). See also *4 Wharton's Criminal Law and Procedure* § 1786, pp. 608–609 (Anderson 1957).

The reasons for requiring allegations and proof of ownership of stolen property, in addition to protecting the defendant under a plea of former conviction or former acquittal, are said to be to enable the jury to determine whether the property proved to be concealed is the same property that was stolen and to inform the defendant of the precise charge against him so that he may prepare a defense.

■ In the present case the designation of the owner as "West View School", in our opinion, was sufficient to protect the defendant from further prosecution, to advise him of the charges against him, and to enable the jury to determine that the property stolen from the school was identical to that concealed by the defendant.

As pointed out in the dissenting opinion below, by the filing of a plea in abatement, any preliminary question as to the sufficiency of the indictment could have been raised and disposed of prior to trial, and a more clear or specific statement of the capacity of the owner could have been obtained if deemed material to the defense. Where no such issue was made or developed either by preliminary motion, however, or during the course of the trial, and where there clearly could be no prejudice to the defendant under the facts of the case, we are of the opinion that a reversal is not required. We have previously pointed out that the defendant conceded in his motion for a new trial that the property did belong to a county public school, and the evidence clearly showed that it was in custody of proper county officials or employees at the time it was stolen.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is reinstated at the cost of respondent.

FONES, C. J., COOPER and HENRY, JJ., and INMAN, Special Justice, concur.