**STATE of Tennessee, Appellee,**

v.

**James Lewis COX, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 9, 1982.

Permission to Appeal Denied by Supreme Court Jan. 24, 1983.

Patrick F. Martin, Jackson, for appellant.

William M. Leech, Jr., Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, Jerry Woodall, Dist. Atty. Gen., Jackson, for appellee.

## OPINION

TATUM, Judge.

James L. Cox appeals from a conviction at a bench trial for burglarizing an automobile (Count I); of attempting to burglarize another automobile (Count II); and of possessing burglary tools (Count III). The defendant's punishment was fixed in Count I at a minimum and maximum of 3 years in the State penitentiary; in Count II at a minimum of 1 year and a maximum of 3 years; and in Count III at a minimum of 2 years and a maximum of 3 years in the State penitentiary. These three penitentiary sentences were ordered to run concurrently.

On the next day, he was convicted in a separate jury trial of grand larceny

(Count I); petit larceny (Count II); and of burglary in the third degree (Count III). He was sentenced to a term of not less than 3 nor more than 5 years in the penitentiary under Count I; a minimum of 1 year and a maximum of 2 years under Count II; and a minimum and maximum of 3 years under Count III. It does not affirmatively appear that the sentences imposed after the jury trial were to be served consecutively; therefore, they shall be concurrent. T.R. Cr.P. 32(a). The trial judge who presided at the bench trial also presided at the jury trial. This gave him personal knowledge of the convictions at both trials. It does not affirmatively appear that the trial judge intended that the sentences imposed at the two trials run consecutively; therefore, they will run concurrently. T.R.Cr.P. 32(b).

Although there is no common question of either law or fact in the two cases, the defendant has consolidated the appeals of these two cases. The consolidation was not by permission of this court. Although the consolidation of these appeals is in direct violation of T.R.A.P. 16(b), we have reluctantly elected to consider them in their present plight.

■ We will first address the issues presented from the bench trial, No. 82–8 in the court below. In that case, the defendant was convicted of breaking into an automobile, attempting to break into another automobile, and of possessing burglary tools. In this case, the defendant presents 2 issues attacking the sufficiency of the evidence. We find them both to be without merit.

During the early afternoon of Sunday, December 13, 1981, acting upon information furnished to them by two citizens, police officers went to Sloan's Body Shop in Jackson. The owner of the body shop had four locked automobiles on the premises. The trunk and doors of one of the automobiles, an Oldsmobile, had been broken into and three or four eight-track tapes had been removed. The tapes were laying on the ground outside the car. The locks on the trunk and door of the Oldsmobile had been pried open and the area around the locks

had screwdriver marks. Two other cars, one of them a Chevrolet, bore scratches in the area of the lock, but entry to these cars had not been accomplished. The owner had left the vehicles locked on the day before and none of them bore scratch marks around the locks when he left them.

When the police arrived, they saw the defendant and Carthel Brinkley crouching behind the Chevrolet that had been tampered with. Brinkley had two screwdrivers in his pocket and the defendant had a pair of wirepliers in his hand which he put into his pocket. A tire tool was lying on the ground behind the Chevrolet. Before the officers saw the tire tool, Brinkley told them that it did not belong to him.

The defendant and Brinkley testified that the defendant worked for Brinkley at his pool room across the street from Sloan's Body Shop. They claimed they were working on pool tables when Brinkley suggested that they go across the street and look at a car that was for sale. The defendant explained the possession of the tools by stating that they had been using them in repairing the pool table but he denied ownership of the tire tool. The defendant denied having any tools on his person and denied that he was crouched or concealed behind the car when the officers arrived. He stated that the hood was up on the automobile and that the tapes were on the ground when he and Brinkley went to the body shop.

The guilty verdict in this case accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State. *State v. Hatchett,* 560 S.W.2d 627, 629 (Tenn.1978); *State v. Townsend,* 525 S.W.2d 842 (Tenn.1975). The circumstantial evidence was sufficient to establish that the defendant and Brinkley broke into the Oldsmobile and attempted to break into the other two vehicles. The evidence accredited by the jury further established that the defendant attempted to conceal himself and the wirepliers behind the Chevrolet when the officers arrived. This evidence shows that the defendant and Brinkley, acting in concert, had concealed a

tire tool on the ground behind the Chevrolet. Brinkley had other tools in his pocket at the time of arrest. We find evidence upon which a rational trier of fact could be convinced of the defendant's guilt beyond a reasonable doubt. T.R.A.P. 13(e). The convictions in Case No. 82–8 below are affirmed.

We now address the issues assigned in Case No. 82–9 which was the jury trial. In this case, the defendant was convicted of grand larceny of a 1976 Oldsmobile and car keys, petit larceny of an automobile license plate number 7F–5240 from James Garner, and third degree burglary of Hysmith Motor Company. The defendant attacks the sufficiency of the evidence. He also says that the trial judge denied him a full and detailed voir dire examination of prospective jurors; and that there was a fatal variance between the indictment and the proof with respect to the petit larceny count.

■ At about 8:30 A.M. on December 29, 1981, an employee of Hysmith Motor Company in Jackson went to work and learned that during the previous night, the office building had been broken into by removing a window air conditioner. Keys were strewn about the floor of the office and in the car lot, and two sets of car keys were missing. A battery charger had been taken from the office to the car lot where an attempt had been made to start a used car. A 1976 Oldsmobile Cutlass, valued at $3,600, was found to be missing from the car lot. The stolen automobile bore no license plate before the theft.

At approximately 4:00 A.M. on the night of the theft, the defendant wrecked the stolen 1976 Oldsmobile Cutlass on Interstate 40 in Haywood County. The defendant told the investigating officer that he was in route to Memphis from Jackson and that the Oldsmobile belonged to his father. The defendant had no registration for the vehicle, no driver's license or other identification. The Oldsmobile bore license number 7F–5240 which was registered to "Jack Garner" of Jackson for a 1965 Mercury automobile. The license plates had been stolen from Mr. Garner during the night of December 28–29 and reported stolen early on the morning of December 29. Two sets of car keys in the possession of the defendant had been stolen from Hysmith Motor Company during the burglary. The evidence of the defendant's guilt is overwhelming. It more than meets the standard required by T.R.A.P. 13(e).

■ The defendant next contends that the trial court erred in ruling irrelevant, defense counsel's question to prospective jurors as to whether they had any friends or relatives who had ever studied law. In *Smith v. State*, 205 Tenn. 502, 327 S.W.2d 308 (1959), the Supreme Court discussed the proper scope of inquiries during voir dire examination. The trial judge has wide discretion in controlling examination of prospective jurors and his action will not be disturbed on appeal unless there was an abuse of that discretion. *State v. Jefferson*, 529 S.W.2d 674 (Tenn.1975); *Smith v. State*, 554 S.W.2d 648 (Tenn.Cr.App.1977). We agree with the trial judge that the question of whether a juror has a friend or relative who has studied law is irrelevant for any purpose and we hold that the trial judge did not abuse his discretion.

■ In the final issue, the defendant contends that there was a fatal variance between the indictment and the proof at trial with respect to the petit larceny conviction. The defendant was indicted for the larceny of "one automobile license plate number 7F–5240 of the personal goods and chattels of *James* Garner." The proof at trial, presented through the County Court Clerk, showed that license plate number 7F–5240 was actually registered to "Jack" Garner. Tennessee follows a stringent variance rule, and if a person or thing necessary to be mentioned in an indictment is described with greater particularity than is requisite, such person or thing must be proved exactly as described in the indictment." *Johnson v. State*, 596 S.W.2d 97 (Tenn.Cr.App.1979); *Martin v. State*, 542 S.W.2d 638 (Tenn.Cr.App.1976). Our courts have held that if the ownership allegation in the indictment is laid in one named owner, and the proof

shows the stolen property is titled in the name of some other owner, then the variance is fatal. *Daughtery v. State,* 221 Tenn. 56, 424 S.W.2d 414 (1968); *Johnson v. State,* 148 Tenn. 196, 253 S.W. 963 (1923); *Parton v. State,* 3 Tenn.Cr.App. 191, 458 S.W.2d 646 (1970).

However, the strictness of earlier holdings has recently been applied with a more objective approach. The rule as to variance is that the indictment must sufficiently identify the transaction upon which the defendant is being prosecuted, to enable the defendant to know what he is accused of and so that he may adequately prepare his defense. The indictment must also be sufficient to protect the defendant under a plea of former conviction in any future prosecution. *State v. Gaddis,* 530 S.W.2d 64 (Tenn.1975); *Bolton v. State,* 617 S.W.2d 909 (Tenn.Cr.App.1981); *Johnson v. State,* 596 S.W.2d 97 (Tenn.Cr.App.1979).

In applying the foregoing test, we note that the last name of "Garner" was properly stated in the indictment. More importantly, the license number was correctly stated in the indictment. The number on a registration plate is unique and without duplication. Under these circumstances, we have no hesitancy in saying that the defendant would be protected if he was prosecuted again for stealing the license plates in this transaction. Moreover, Garner's residence address is stated on the back of the indictment. It is common knowledge that the County Court Clerk can give the name and address of a person to whom a particular license number was issued so the defendant was not deprived of means to prepare a defense. We conclude that the defendant was not misled or his defense impeded by this discrepancy between the indictment and the proof. We therefore overrule this issue.

All judgments in both cases are affirmed.

BYERS and SCOTT, JJ., concur.