# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs at Jackson May 5, 2015

## STATE OF TENNESSEE v. TAROJEE M. REID

### Appeal from the Circuit Court for Stewart County
### No. 2011-CR-2346    Larry J. Wallace,  Judge

---

### No. M2014-01681-CCA-R3-CD – Filed June 30, 2015

---

Appellant, Tarojee M. Reid, pleaded guilty to theft of property valued at $1,000 or more but less than $10,000, and as part of the plea, the parties agreed to submit the issue of restitution to the trial court.  Following the hearing, the trial court ordered that appellant pay $6,895 in restitution to the victim.  Appellant now challenges that order on the following grounds:  (1) the trial court failed to order a presentence report prior to the restitution hearing; (2) the trial court failed to make specific findings with regard to appellant's ability to pay restitution; and (3) the trial court improperly included the value of property that was not listed in the indictment when some items of property were specifically listed.  Following our review, we reverse the award of restitution and remand for another restitution hearing consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Remanded

ROGER A. PAGE, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

James Roberts Potter, Clarksville, Tennessee, for the appellant, Tarojee M. Reid.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Dan Mitchum Alsobrooks, District Attorney General; and Suzanne M. Lockert-Mash and Sarah Whitney Wojnarowski, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts

### A. Guilty Plea Submission Hearing

The circumstances of this offense are unclear. At the guilty plea submission hearing, the State did not offer a factual basis for the offense. Defense counsel announced that appellant was entering a plea to theft of property valued at $1,000 or more but less than $10,000 and that the four-year sentence would be suspended to probation by agreement of the parties. As relevant to this case, the trial court asked appellant if he was guilty, and appellant answered that he was "accused of taking some Hummel figurines." He said that he delivered the figurines to a pawn shop. The trial court scheduled a restitution hearing but did not order a presentence report.

### B. Restitution Hearing

The victim, James McKinstry, testified at the restitution hearing that appellant, appellant's girlfriend, and her daughter needed a place to stay for approximately two weeks. The girlfriend's parents had asked them to move out of their home, and appellant said that he was trying to find a job and "better himself." They stayed in the victim's basement, which had a living area and two bedrooms, for over two weeks. The victim said that when they left, "[his] stuff [was] gone[;] they never came back and got their own belongings. He even left his three dogs." The victim stated that several Hummel figurines, valued at $5,552, were taken from his home during that period in June 2010. He also added that some DVDs and firearms were taken and that a gun cabinet had been damaged in the process, which required him to replace the door and the lock. The victim valued the firearms at $2,824, the DVDs at $15 each ($375), the Blu-Ray discs at $25 each ($500), and the damage to the gun cabinet at $150. Defense counsel lodged an objection to this testimony because the indictment charged theft of Hummel figurines and nothing else and because appellant pleaded guilty to the same. The victim testified that he received a $3,000 check from his insurance company but had to pay his $500 deductible out-of-pocket when he initiated the claim. The victim asserted that the insurance company denied his claim with respect to the figurines because antiques or "collectibles" were not included in his insurance coverage.

On cross-examination, the victim acknowledged that his insurance company provided him with a settlement statement concerning their payment of his claim but that he did not bring it to the hearing.

The trial court questioned the victim and ascertained the following facts: (1) the damage to the gun cabinet was valued at $150; (2) the insurance company compensated

the victim $2,500 "net," or after prepayment of the $500 deductible; (3) the $6,895 claimed by the victim included the value of the DVDs and Blu-Ray discs; and (4) the victim mistakenly listed one of his firearms twice.

During closing argument, defense counsel noted that the State had not provided discovery and that he had not requested it because appellant had already admitted to him that he stole the figurines and because they were working on a "plea deal." Thus, appellant had no notice that the victim was seeking restitution for other property. Counsel also noted that during allocution, appellant admitted taking Hummel figurines but that nothing else was mentioned.

Based upon the evidence, the victim's testimony, and the arguments of counsel, the trial court awarded the victim $6,895, which specifically included the firearms, after subtracting the $2,500 "net" proceeds from the insurance company.

## II. Analysis

### A. Standard of Review

This court has previously concluded that based on the standard of review announced in *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012), and extended by *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012), a sentencing alternative involving payment of restitution to a victim pursuant to Tennessee Code Annotated section 40-35-104(c) is to be reviewed for abuse of discretion accompanied with a presumption of reasonableness. *State v. David Allan Bohanon*, No. M2012-02366-CCA-R3-CD, 2013 WL 5777254, at *5 (Tenn. Crim. App. Oct. 25, 2013), *no perm. app filed*. "A finding of abuse of discretion 'reflects that the trial court's logic and reasoning [were] improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Id.* (quoting *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001)).

Tennessee Code Annotated section 40-35-304 establishes the procedure for imposing restitution as a condition of probation. The amount ordered for restitution must be reasonable, *State v. Smith*, 898 S.W.2d 742, 747 (Tenn. Crim. App. 1994), and must be based on the pecuniary loss to the victim, Tenn. Code Ann. § 40-35-304(b). "Pecuniary loss" is defined as "[a]ll special damages, but not general damages, as substantiated by evidence in the record or as agreed to by the defendant." *Id.* § 40-35-304(e)(1). "Special damages" are "the actual, but not the necessary, result of the injury complained of, and which in fact follow it as a natural and proximate consequence in the particular case . . . ." *State v. Lewis*, 917 S.W.2d 251, 255 (Tenn. Crim. App. 1995) (internal quotation marks and citation omitted).

Tennessee law mandates that "[i]n determining the amount and method of payment or other restitution, the court shall consider the financial resources and future ability of the defendant to pay or perform." Tenn. Code Ann. § 40-35-304(d). The policy underlying this requirement is that "[a]n order of restitution which obviously cannot be fulfilled serves no purpose for the appellant or the victim." *State v. Johnson*, 968 S.W.2d 883, 886 (Tenn. Crim. App. 1997). At the time of sentencing, the court must specify "the amount and time of payment or other restitution to the victim and may permit payment or performance in installments." Tenn. Code Ann. § 40-35-304(c). "In other words, the court must set a restitution amount that the defendant can reasonably pay within the time that he will be under the trial court's jurisdiction." *David Allan Bohanon*, 2013 WL 5777254, at *6 (citing *Smith*, 898 S.W.2d at 747). If a defendant has failed to pay restitution as ordered, upon expiration of the sentence imposed, any unpaid portion may be converted to a civil judgment. Tenn. Code Ann. § 40-35-304(h)(1); *State v. Bottoms*, 87 S.W.3d 95, 108 (Tenn. Crim. App. 2001).

A victim's pecuniary loss must be "substantiated by evidence in the record." Tenn. Code Ann. § 40-35-304(e)(1). "A victim seeking restitution must present sufficient proof so that a trial court can determine with some reliability the amount of the loss." *Bottoms*, 87 S.W.3d at 108-09. "[W]hile a victim's testimony standing alone may be sufficient to establish special damages for the purposes of restitution, the victim should explain how he or she arrived at the amount of damages requested. Further, documentation supporting the victim's testimony is helpful." *State v. Wendell Gary Gibson*, No. M2001-01430-CCA-R3-CD, 2002 WL 1358711, at *2 (Tenn. Crim. App. June 24, 2002).

## B. Error in Computing Restitution

Appellant argues that the trial court erred by including restitution toward appellant's claim for loss of firearms, DVDs, Blu-Ray discs, and damage to the gun cabinet because the indictment specifically listed "Hummel Collectible Figurines" as the stolen property and did not mention any other property. He alleges that the variance between the indictment and the restitution renders it fatal. The State, citing no authority, simply asserts that the victim testified about the value of the missing property and that he is "entitled to compensation for all the damages and losses resulting from [appellant's] evil deeds." It further seeks to mitigate this error by applying appellant's insurance settlement specifically to the firearms.

"It has been held . . . that it is not necessary to include the name of the owner of the stolen property in the indictment, but that if the name is included, it becomes a part of the description of the property so that the proof must conform to the indictment." *State v. Morrow*, 530 S.W.2d 60, 62 (Tenn. 1975) (citing *Daughtery v. State*, 424 S.W.2d 414 (Tenn. 1968)). The same is true of the identification of the property alleged to have been stolen. "The reason[] for requiring allegations and proof of [identification] of stolen

property" is, among others, to inform a defendant of the precise charges against him so that he can prepare a defense. *Morrow*, 530 S.W.2d at 64.

Strict conformity between the evidence and the indictment is also required for the accused to have protection from further prosecution for double jeopardy purposes. *Id.* (citing *Johnson v. State*, 253 S.W. 963 (Tenn. 1923)). "Before a variance will be held to be fatal it must be deemed to be material and prejudicial." *State v. Moss*, 662 S.W.2d 590, 592 (1984). A variance between an indictment and the proof in a criminal case will not be considered material where the allegations and the proof substantially correspond with each other, the variance is not of a character that could have misled the defendant at trial, and the variance does not operate to deprive the accused of his protection against subsequent prosecution for the same offense. *Id.*

In *Moss*, our supreme court cited with approval the principles set forth in *United States v. Schoenhut*, 576 F.2d 1010 (3rd Cir.1978):

> Unless substantial rights of the defendant are affected by a variance, he has suffered no harm, and a variance does not prejudice the defendant's substantial rights (1) if the indictment sufficiently informs the defendant of the charges against him so that he may prepare his defense and not be misled or surprised at trial, and (2) if the variance is not such that it will present a danger that the defendant may be prosecuted a second time for the same offense; all other variances must be considered to be harmless error.

*Id.* at 1021-22.

In this case, appellant was placed on notice through the indictment that he was being charged with the theft of Hummel figurines. At the guilty plea submission hearing, he admitted taking Hummel figurines. Appellant was never placed on notice that he was being held responsible for the value of other property allegedly taken from the victim, namely guns, DVDs, and Blu-Ray discs, as well as damage done to a gun cabinet. As such, appellant was unprepared to defend against these charges at the restitution hearing. He had never admitted to theft of any property other than the Hummel figurines. This error was exacerbated by the State's failure to recite the proof at the guilty plea submission hearing.

In addition, the variance is such that appellant would have been at risk for subsequent prosecution for the same theft had the statute of limitations not expired in the interim. The additional property was alleged to have been taken at the same time as the Hummel figurines but was not included in the indictment. To avoid this problem, the State could have moved to amend the indictment pursuant to Rule 7 of the Tennessee Rules of Criminal Procedure to add the additional property. Without such amendment, however, we deem the variance between the indictment and the proof to be fatal.

Accordingly, we conclude that this case should be reversed and remanded. On remand, the trial court should make adequate findings with respect to restitution. The trial court should order a pre-sentence report as required by Tennessee Code Annotated section 40-35-304(b) (requiring that "[w]henever the court believes that restitution may be proper or the victim of the offense or the district attorney general requests, the court *shall* order the presentence service officer to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss") (emphasis added). The trial court should also enter findings of fact with respect to appellant's financial resources and ability to pay restitution as required by Tennessee Code Annotated section 40-35-304(d) (mandating that "[i]n determining the amount and method of payment or other restitution, the court *shall* consider the financial resources and future ability of the defendant to pay or perform") (emphasis added) and findings with regard to "the amount and time of payment or other restitution to the victim" as required by statute, *id*. § 40-35-304(c). As stated herein, any award of restitution shall be limited to the value of the property listed in the indictment and the theft of which appellant pleaded guilty.

## CONCLUSION

This cause must be remanded to the trial court for a hearing on the question of restitution. The trial court must determine the victim's actual loss, based on realistic values, and appellant's ability to pay. The trial court must further set an amount of restitution that appellant can reasonably pay within the time that he will be within the jurisdiction of the trial court.

_____
ROGER A. PAGE, JUDGE