SABERS, Retired Justice
(dissenting).
[¶ 71.] Because Master Blaster was not afforded a fair trial in this case, I dissent. The trial court abused its discretion by permitting the jury to consider two instances of other acts evidence, which were irrelevant to the claim asserted, were prohibited propensity evidence, and were substantially more prejudicial than probative. Therefore, this case should be remanded to provide Master Blaster with a fair trial on the merits of the negligence claim Supreme Pork lodged against it.
[¶ 72.] Irrelevant evidence is inadmissible, while relevant evidence is generally admissible. SDCL 19-12-2 (Rule 402). Evidence is relevant if it has “any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” SDCL 19-12-1 (Rule 401) (emphasis added); see also State v. Mattson, 2005 SD 71, ¶ 19, 698 N.W.2d 538, 546 (“Relevancy is demonstrated where evidence is necessary to prove an element of the crime, not simply to demonstrate defendant’s character.”). The trial court permitted other acts evidence relating to two different instances: (1) an alleged code violation of the eighteen-inch clearance required between combustibles and a single wall vent, and (2) evidence of another fire in 1999 at a different location in which it was alleged PP & H was at fault.
[¶ 73.] At trial, the issue was whether PP & H’s failure to affix attic shields to the attic floor around the chimney vents and to cover the attic shields amounted to negligence for which Master Blaster could be held liable. Whether the alleged code violation of the eighteen-inch clearance caused the fire was not at issue. In fact, Supreme Pork openly agreed that this alleged violation was not the cause of the fire. Therefore, this alleged violation was *494 irrelevant to the issue at hand because it was not a “fact ... of consequence to the determination of the [negligence] action.” SDCL 19-12-1 (Rule 401).
[¶ 74.] Supreme Pork argued that this evidence was relevant because it was indicative of PP & H’s “overall sloppy workmanship,” and if PP & H was “willing to cut corners with respect to the clearances involved between single and double vents, [then it can be assumed that] they’re also willing to cut corners with respect to attic shields and their secondary securing of attic shields.” It is this propensity argument that is strictly prohibited under evidentiary rules. “Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” SDCL 19-12-5 (Rule 404(b)). Supreme Pork’s argument plainly asserts that PP & H had the propensity to violate the building code. This is not allowed. See, e.g., State v. Lassiter, 2005 SD 8, ¶ 24, 692 N.W.2d 171, 179; State v. Christensen, 2003 SD 64, ¶ 34, 663 N.W.2d 691, 699 (Sabers, J., concurring in part and dissenting in part); State v. Jolley, 2003 SD 5, ¶ 34, 656 N.W.2d 305, 312 (Sabers, J., dissenting); State v. Jones, 2002 SD 153, ¶ 9, 654 N.W.2d 817, 819; State v. Wright, 1999 SD 50, ¶ 14, 593 N.W.2d 792, 799 (“If the only reason for offering the evidence is to show a defendant’s propensity, then it is clearly irrelevant.”).
[¶ 75.] Similarly, the evidence regarding the 1999 fire was not relevant to the instant action. The 1999 fire occurred shortly after construction of the building and was allegedly caused when the vent came in contact with the timbers in the building. The cause of the 1999 fire was not related to a failure to affix shields to the floor around the chimney vent. In fact, the 1999 fire occurred at an entirely separate location three years earlier under different circumstances. The facts surrounding the 1999 fire could not assist the trier of fact in determining whether the cause of the instant fire was as theorized by Supreme Pork. Although the cause of the 1999 fire was not in dispute, the cause of the current fire certainly was. The only purpose of offering the evidence relating to the 1999 fire was, once again, to improperly demonstrate propensity. But even at an elementary level, the evidence relating to the 1999 fire was irrelevant to the case and should not have been admitted.
[¶ 76.] Even if this other act evidence were deemed relevant, it still should not have been admitted. Certainly, evidence of other acts is admissible to prove “motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” SDCL 19-12-5. However, that evidence is not automatically admissible merely because it relates to one of these factors. Rather, the evidence must satisfy the threshold test of its probative value being substantially outweighed by its unfair prejudice. Indeed, before admitting any such evidence, trial courts are required to perform a balancing analysis on the evidence to determine “if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury[.]” SDCL 19-12-3 (Rule 403); Wright, 1999 SD 50, at ¶ 25, 593 N.W.2d at 803. This balancing requirement is one of the four “safeguards” this Court recognizes to protect parties from unfair prejudice. Id. If the prejudice substantially outweighs the probative value, the evidence must be excluded to ensure the defendant receives a fair trial. SDCL 19-12-3 (Rule 403); see Mattson, 2005 SD 71, ¶ 20, 698 N.W.2d at 546 (citation omitted) (“If other acts evidence is relevant and offered for a purpose other than to prove character and conformity with that character, it still may be excluded if the probative value of the evi *495 dence is substantially outweighed by factors such as unfair prejudice”). Here, the trial court never performed any balancing analysis on this evidence.[24] It simply concluded that because the evidence was relevant, it was admissible.
[¶ 77.] Supreme Pork contends that the other act evidence is admissible because it proves knowledge. However, no one can seriously argue that the probative value of this evidence outweighs the unfair prejudice it caused Master Blaster. “Prejudicial evidence is that which has the capacity to persuade the jury by illegitimate means which results in one party having an unfair advantage.” Novak v. McEldowney, 2002 SD 162, ¶ 11, 655 N.W.2d 909, 913 (emphasis added). The admission of evidence relating to the unrelated alleged code violation and the unrelated 1999 fire certainly had the capacity, and most likely the actual effect, of persuading the jury by illegitimate means, thereby giving Supreme Pork an unfair advantage at the trial.
[¶ 78.] The majority’s opinion claims that “Master Blaster [did] not present [evidence “from the record” demonstrating] how or why the introduction of this evidence led to a different verdict.” See supra ¶ 61. At both the suppression hearing and in its brief, Master Blaster explained how this other act evidence was prejudicial evidence that proved nothing but PP & H’s propensity to do “sloppy work,” and that it only served to confuse the jury. Undoubtedly, the prejudice this evidence had on the jury is inherent in its very nature. To err by admitting evidence of such a prejudicial magnitude, as in this case, is necessarily indicative of prejudicial error. It is unbelievable that this damaging evidence could be considered harmless. Under the conference opinion’s guise, admitted evidence will rarely be deemed prejudicial on appeal, and when prejudicial, it will still be allowed because the challenger is unable to meet the majority’s elusive standard of proof. The perpetuation of the majority’s rationale will do nothing but wrongfully deprive defendants of their right to a fair trial.
[¶ 79.] Both instances of this evidence were far more prejudicial than probative even when considered alone. When considered together, their prejudice doubly exceeds any probative value. For all these reasons, this case should be reversed and remanded to provide Master Blaster with a fair trial.
[¶ 80.] KONENKAMP, Justice, joins this dissent.

. Simply declaring that the evidence is relevant and "probab[ly] going to be ... substantially more probative than prejudicial,” with nothing more, is not a balancing analysis, as claimed by the majority. See supra ¶ 49 n. 17.